ROBERT L. VAN BERGEN v. THOMAS BRADLEY AND OTHERS.

*Appeal, Authority for—Record without Order for Judgment by General Term.*

Where upon the record there does not appear to have been any order of the General Term upon which judgment was entered—but it only shows the trial, the verdict of the jury, and a statement that a new trial was denied, there is no authority for an appeal to this Court.

Bookes, J.—This action was commenced in a Justice's Court, and was removed into the Supreme Court on a plea of title. It was tried at the Circuit, and a verdict was rendered by the jury in favor of the Defendants. A motion was then made for a new trial on a case containing exceptions. The motion was made at General Term, before judgment, and was denied. Thereupon judgment was entered on the verdict, and the appeal to this Court is taken from that judgment.

The first question that arises is, in regard to the appeal, is the case before this Court in such form as to admit of review? It does not appear that the judgment appealed from was given or directed at General Term. The order then made was simply this, "New trial denied, with costs." This left the case to stand on the verdict for the Defendants, and they were then at liberty to enter judgment thereon, as they did, the same as if no proceedings for a new trial had been taken. True, the opinion delivered at General Term, on the motion for a new trial, closes with this remark: "There must be judgment for Defendants;" but the opinion constitutes no part of the record, and the order entered is simply, *new trial denied*. Nor does the entry of judgment purport to rest on an order of the General Term directing judgment. It recites the trial and verdict, the motion for new trial, and its denial; following which recitals is the ordinary adjudication that the Defendants recover of the Plaintiff $197.89 for their costs and disbursements of the action. There is nothing in the record before the Court showing that the judgment was ordered at General Term, and its only authority, so far as we can

see, is the trial and verdict.    As was decided by this Court in
Lahens *v.* Fielden (15 Abbott, 177), it is not enough that it ap-
pears probable merely that the judgment is appealable.    It must,
therefore, be regarded as the ordinary case of a judgment entered
on the verdict of a jury.    There is no authority for the appeal
to this Court, and it should be dismissed, with costs.

But if permitted to examine the case on the merits, it will be
found that the exceptions urged on the motion for a new trial
were not well taken, and that the judgment is right on the facts
proved.    It was well established that the locus in quo was a pub-
lic highway, duly laid out and recorded in the town records,
and that the acts complained of were done by and under the au-
thority of the owner, within the lines of the highway, and for
the purpose of opening it for public travel.    The objection to the
order of the commissioners laying out the road, that it did not
incorporate the survey, is of no force.    The order referred to the
survey in direct terms, and the survey was attached to the order,
and was recorded as part of it.    It was in legal effect incorporated
into the order, inasmuch as it constituted part of it.    The purpose
of the statute, which was to secure a record of the locality of the
highway, was fully answered, and in such case a mere informality
will not be deemed fatal, there being a substantial compliance
with the requirements of the law.

It is now urged that the appointment of commissioners to assess
the damages was made by the county judge instead of the County
Court.    But this objection was not raised on the trial.    The only
objection to the certificate of assessment then urged was, that the
paper had never been recorded in the town clerk's office, al-
though it had been there filed, and that the highway had not
been legally laid out.    Had the objection, now insisted on, been
then suggested or urged, it doubtless would have been satisfactorily
answered, for the certificate itself recites the appointment as
made by the *County Court*, and the Defendants admitted that
the commissioners were "*duly appointed*," although it is added,
"by the county judge."    It is a sufficient answer to the objection
that it was not taken on the trial.

It is objected that the application to the commissioners for laying out the highway, and the certificate of the freeholders as to its propriety and necessity, were not duly proved. Those papers were duly filed with the town clerk, and were produced on the trial from the files of papers in the clerk's office, followed by the order of the commissioners laying out the road, also duly filed and recorded. This was sufficient, without further proof of the signatures of the persons by whom they purport to be signed. They were properly on file in the clerk's office as records (2 R. S. 403, § 122, 5th edition; also 1 R. S. 830, § 11, et seq.). So the order laying out the highway, duly filed and entered, became a public record. All these papers so filed and recorded, being public records, proved themselves. Greenleaf says that such documents, being of a public nature, are admissible in evidence, notwithstanding their authenticity is not confirmed by those usual and ordinary tests of truth required to be supplied to matters of a private character (1 Greenleaf, §§ 483, 484, also § 128). Being made and preserved by authority of law for the benefit of the public, they stand on a different footing as evidence from private papers which affect personal and individual right only.

The laying out of the highway in this case was well proved, and the judgment should be affirmed, with costs, conceding that the merits are before us on this appeal.

All concurred.

Affirmed.                    JOEL TIFFANY,
                                 State Reporter.