Learned, J.
This is a motion for a mandamus to compel the defendants to sign drafts for the salary of the relator, and to permit him to discharge his duties as captain of police.'
Grace, the relator, was appointed captain of the police in December, 1870. On June 19, 1871, he was served with a notice to appear before the commissioners on the 21st of that month, to answer charges preferred against him, for disqualification, by reason of being over age. The relator appeared, and such proceedings *182 were had that on July 1, 1871, the board removed him, on the ground of his being over forty years of age.
In giving this brief statement of the transaction, I have not attempted to show the merits of the case, nor to set forth the evidence on which the commissioners acted; nor to state the alleged refusual to give the relator time to produce evidence. For on the ground which I propose to examine first, it is not material to go into the merits, or to inquire whether the commissioners acted reasonably or decided correctly.
The first question must be, Does a mandamus lie in such a case? or, is the relator’s remedy to be sought in some other way,—for instance, by a certiorari f
In the case of Oneida Common Pleas v. People (18 Wend., 79), decided in the court of errors, Mr. Senator Tbacy very fully and ably discussed the nature of the writ of mandamus. He showed what its objects and powers had originally been, and how they had gradually been extended. And he pointed out that, in some instances, it had been issued where it was not the proper remedy. He remarked of the supreme court (and I think the remark is worth repeating), “that there is reason to believe that the anxious pursuit of individual right, which has always distinguished that tribunal, is disposing it to apply the remedial aids of this writ to an extent which, however much it may promote the justice of particular cases, tends, in some degree, to disturb that distribution of judicial powers which our legal institutions contemplate and require.”
In the case of People v. Dutchess Common Pleas (20 Wend., 658), the supreme court, acknowledging that there had been a departure from the old law on the subject, adopt the decision of the court of errors, and reinforce it by farther citations. From both these cases "the doctrine may be drawn that mandamus lies to compel the performance of ministerial acts ; that it also lies to subordinate tribunals, requiring them to *183 exercise their functions and render some judgment; but that where the act to be done is judicial and discretionary, this court will not direct what decision shall be made.
Since the somewhat loose practice, which has grown up in all particulars under the Code, it is possible that the true principle, so accurately laid down in these two cases, has been again departed from. And the remark above quoted from Senator Tract, may be again appliable. But I find no authority controverting this principle. The case of People ex rel. Livingston v. Taylor (30 How. Pr., 78), which, perhaps, goes as far as any, is put on the ground that the commissioner of jurors is a ministerial officer. In the case of People ex rel. Titus v. Board of Police * (35 Barb., 535), as well as in the case immediately preceding it, and also in the case of People v. Board of Police (19 N. Y., 188), there had been no trial of the relator, and no judicial action of the board removing the relator from office. And in the case of People v. Contracting Board (27 N. Y., 378), and another case of similar title (33 N. Y., 382), the doctrine is affirmed that mandamus will not lie where the act requires the exercise of discretion.
With these principles to guide, I turn now to the act of the police commissioners of which the relator complains. It appears by the papers, that the relator was personally notified to appear before the board to answer charges preferred against him; that at the time appointed, he did appear before the board, then organized for" the trial of charges ; that they received as evidence before them, two papers signed by Grace, his application and his return; and that on July 1, they removed him as disqualified, on account of age.
*184 Now it appears to me, that this proceeding was; in every respect, judicial. It was on personal notice to the party; the party appeared; evidence was received ; a matter of fact was determined, viz: that the relator was over forty years of age, and a decision was rendered thereupon. I have nothing to say as to the correctness of that decision. Whether the board erred in the finding of fact or in the conclusion of lawwhether their action was impartial, as they claim ; or whether it was influenced by improper motives, as the relator insists, I have not to decide here. I am only inquiring whether this action was of a judicial or simply of a ministerial character. I do not see how it can be called a ministerial act. It appears to me plainly judicial. The board is made a tribunal to hear and examine charges (§ 11 of the act, Laws of 1870, ch. 520). And when they act in this capacity, a mandamus will not lie to correct their action.
•It may be that the relator has another remedy (People ex rel. Dillon v. Metropolitan Police, 15 Abb. Pr., 167), but I have no occasion to decide that here. I only refer to the. case to show that in an instance somewhat similar, the general term held that the party aggrieved had another means of redress.
The motion for a mandamus is denied, with ten dollars costs, to be paid by relator.

 This case was reversed by the court of appeals, on grounds which appear in People ex rel. Hanrahan v. Board of Police, 36 N. Y., 316.