The respondent claims that an appeal does not lie in this case, to review the action of the General Term. It appears from the printed papers that there was a verdict for the plaintiff at the circuit, where an order was made that the defendant have time to make a case and exceptions, and to move for a new trial in the first instance at General *Page 247 
Term, and that in the meantime judgment be suspended, pursuant to the provisions of section 265 of the Code. The defendant having made his case and exceptions pursuant to the leave granted, the motion for a new trial was argued at General Term. That court in January 1870 made an order in these words: "Motion for a new trial denied, with costs." This was the final action of the General Term. After this, the plaintiff caused a judgment to be entered by the county clerk against the defendant, in favor of the plaintiff, for the amount of the verdict and costs, on the 10th February, 1870. This judgment does not in terms, purport to be entered in pursuance of the order or action of the court at General Term, and indeed, has no reference to or mention of it. Nor does it appear that the court, either at General or Special Term, ever directed the entry of a judgment in the action. From this judgment, nominatim, and from it alone, the defendant appeals to this court. The point made by the respondent is not new to this court, under its present organization. It has been repeatedly presented to us; and though the disposition of the causes in which it has been brought to our attention has not made it necessary to decide it, it has not escaped our thought and consideration. We are not able to perceive why a party to an action is not just as much affected to his disadvantage by the action of the General Term, finding its expression in a brief order such as that made in this action, as he would be if in addition to that, the General Term had directed a judgment against him on the verdict. The result is the same. His application for a new trial is denied. The errors which he alleges to have occurred upon the trial are adjudged not to exist. There has been an actual determination of the General Term. By it he is precluded in the Supreme Court from any further opportunity of asserting what he conceives to be his legal rights. And to say that in the one case he may come to this court for a further review, and that in the other he may not, is to make his rights hinge upon the merest form and technicality. We would not entirely disregard form and technicality, but we would *Page 248 
be convinced that they imperatively fetter us before we would yield to them, to the sacrifice of substantial right.
The respondent cites to us several cases as sustaining his position. In White v. D.L. W.R.R. Co., (41 N.Y., 520); there was a verdict for the plaintiff at circuit. The defendant moved for a new trial at Special Term. His motion was denied. He then appealed from the order of denial, to the General Term. There the order of Special Term was affirmed; judgment was then entered on the verdict, and the defendant appealed directly to this court. The appeal was dismissed; the judgment was declared to be one entered on the determination of the Special Term. That case differs from this, in that in the case in hand, there never was an order of the Special Term.
The order at circuit in this case, suspended the entry of judgment, and no judgment had been or could be entered, until after action at the General Term adverse to the defendant.
We would not, however, put any differing decision upon so narrow a basis as that. In Coleman v. Pleystead
(40 N.Y., 341), the facts were the same as in 41 N.Y., supra, save that the judgment recited the proceedings at Special and General Terms. This decision was professedly based upon the case of VanBergen v. Bradley (36 N.Y., 316). In the last named case the appeal was not dismissed, but the judgment appealed from was affirmed upon the merits. In the opinion delivered, it was declared however, that the judgment did not appear to have been that of the General Term; that the action of the General Term was confined to the making of an order, that a new trial be denied with costs; that the judgment entered did not purport to rest on the judgment of the General Term; and that the appeal should be dismissed. These cases seem to go upon the position maintained inPotter v. Van Vranken (36 N.Y., 619), that the appeal is not from the General Term, but from a judgment which has never passed under the review of the General Term; and, that as this court can review only an actual determination of the General Term, it has no power *Page 249 
to entertain an appeal from a judgment, entered after an order at General Term denying a new trial, which judgment is not directed by the General Term.
We have taken a different view of such cases. The judgment entered in this and like cases, could not have been had, but for the action of the General Term denying a new trial. In fact the entry of judgment is suspended, until the order of the General Term is made. So that in reality, whatever the form may be, the judgment results from and depends upon the order of the General Term. To borrow the logician's phrases, it is not only posthoc, but it is propter hoc. So that when an appeal is taken, it does bring up for a review a judgment which is in legal effect the action of the General Term, and which had not authority for its entry, until the order denying a new trial was made.
When the General Term in such cases denies a new trial, the successful party has the legal right to enter judgment, in the same manner as if the order denying a new trial expressly directed it, and the judgment thus entered, is deemed to be entered in pursuance of the determination of the General Term. The better practice is, to enter the order of the General Term in the judgment, whether it directs a judgment or not; so that this court may see from the judgment itself, without resort to the order, that the General Term has passed upon the questions involved; although it is not indispensable to do so. But it is not essential that the order contains express authority for entering judgment.
This court possesses jurisdiction to review any actual determination of the General Term in a judgment; and our jurisdiction is complete, if the judgment is entered in pursuance, and in consequence of such determination.
We, therefore, entertain the appeal in this case.