MARIA S. SWIFT, Respondent, *v.* THE MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Appellant.

In an action upon a policy of life insurance issued upon the life of one person for the benefit of another, evidence of declarations made to third parties by the insured at a time prior to and not remote from that of his examination, and in connection with facts or acts exhibiting his then state of health (for instance, declarations made by him when apparently ill as to the nature or cause of his illness), is competent upon the question as to the truthfulness of statements made by him to the examining physician, as to his knowledge that he had or had not had a certain disease or symptoms of it.

*Rawls* v. *A. M. L. Ins. Co.* (27 N. Y., 282; S. C., 36 Barb., 357) distinguished and limited.

*Swift* v. *M. M. L. Ins. Co.* (3 Hun, 551) reversed; the point there stated, however, is concurred in.

(Argued October 8, 1875; decided November 16, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff entered upon a verdict, and affirming an order denying a motion for a new trial. (Reported below, 3 Hun, 551.)

This action was brought upon a policy of life insurance issued to plaintiff by defendant upon the life of William P. Swift, plaintiff's husband.

The defence, among other things, was put upon the ground of misrepresentations and concealment.

The policy contained this clause:

"In case the statements made by, or on behalf of, or with the knowledge of, the said assured to said company, as the basis of, or in the negotiations for, this contract shall be found in any respect untrue, this policy shall be null and void."

In the application signed by plaintiff was the following:

"And I do hereby agree that the answers given to the following questions, and the accompanying statements, and this declaration, shall be the basis and form part of the contract or policy between me and the said company; and I warrant such answers and statements as true and correctly stated, and agree that if the same be not so in all respects, the said policy shall be void, and all moneys which may have been paid on account thereof, and all dividend credits which may accrue therefrom shall be forfeited to said company."

In the application it was stated that the insured "is now in good health and does usually enjoy good health."

The examining physician testified upon the trial that when examining the insured he called his attention to a question in the application and the answer thereto, to the effect that his mother had died of scrofula, and asked if he had ever had that disease or any symptoms of it, that he was aware of, to which the insured answered: "No, not that I am aware of;" and that this answer to a certain extent influenced the witness in recommending Swift as insurable. The application was made August 20, 1870. A witness was called by the defence, who testified that in the winter of 1869–1870 he noticed that the insured was not looking well, and that he walked lame, and inquired of him what was the matter. The witness was thereupon asked to state what answers the insured gave. This was objected to and objection sustained, to which defendant's counsel duly excepted. Another witness testified that in the fall of 1869 he saw a sore on the right side of the insured. The witness was then asked if the insured told him what was the cause of it, what kind of a sore he called it. This was objected to as hearsay evidence. Defendant's counsel stated the evidence was offered for the purpose of showing that the insured had scrofula prior

to the insurance, to his knowledge, and that his statement to the contrary was knowingly false. The objection was sustained, and defendant's counsel excepted. Another witness testified that in the fall of 1869 he noticed that the insured was lame, and that he told witness what was the cause of it. The witness was asked what the insured stated as the cause. This was objected to, objection sustained, and exception taken.

The insured died in May, 1871, of scrofulous disease.

*George Bliss* for the appellant. Evidence of declarations of a party insured, made prior to the insurance to various third parties, when speaking of an existing disease, is proper upon the question of the truthfulness of statements made by him to the examining physician. (*Kelsey* v. *Un. L. Ins. Co.*, 35 Conn., 225; *Aveson* v. *Kinnaird*, 6 East, 188; *Swift* v. *Mass. Mut. L. Ins. Co.*, 2 N. Y. S. C. R., 308; *Mut. B. L. Ins. Co.* v. *Robertson*, 59 Ill., 123; *Wheelton* v. *Hardisty*, 8 E. & B., 255; *Mech. and Man. Mut. Ins. Co.* v. *Wash. Mut. Ins. Co.*, 1 Hand [Ohio], 408; May on Ins.; *Sweete* v. *Fairlee*, 6 C. & P., 1; *Higbie* v. *Guard. Mut. L. Ins. Co.*, 53 N. Y., 603; S. C., 2 Ins. L. J., 761; 8 Alb. L. J., 761; *Matteson* v. *N. Y. C. R. R. Co.*, 35 N. Y., 487.) The answer of the insured as to the physician was fatally defective. (*Huckman* v. *Firnie*, 3 M. & W., 505; *Cazenove* v. *Brit. Eq. As. Co.*, 6 C. B. [N. S.], 437; S. C., 5 Jur. [N. S.], 1309; *Morrison* v. *Muspratt*, 4 Bing., 60; *Maynard* v. *Rhode*, 1 C. & P., 360; *In re Gen. Prov. L. Ass. Co.*, 18 W. R., 396; *Everett* v. *Desborough*, 5 Bing., 503; *Horn* v. *Am. L. Ins. Co.*, 64 Barb., 81.)

*Geo. Bowen* for the respondent. Evidence of statements of the insured as to the state of his health, made to others than the examining physician or the defendant, was not competent. (*Rawls* v. *Am. L. Ins. Co.*, 36 Barb., 357, 364; 27 N. Y., 282, 290; Bliss on Life Ins. [1st ed.], § 374; *Swift* v. *M. Mut. L. Ins. Co.*, 2 N. Y. S. C. R., 302.) It was immaterial whether the insured concealed the fact that Doctor

Hutchins was his family physician.   (*Redfield* v. *H. P. Ins. Co.*, 56 N. Y., 354.)

FOLGER, J. *

\*   \*   \*   \*   \*   \*   \*   \*   \*

The defendant offered to prove statements, made by the subject insured to different persons prior to the insurance, as to his own health, and the cause of ailments he had and showed, at the time of making those statements.   The proof was excluded.   It is to be observed that these statements were alleged to have been made prior to the insurance, and in immediate reference to his acts, and to facts in his then bodily condition, and so do not fall within the ruling in *Rawls* v. *Am. L. Ins. Co.* (27 N. Y., 290), where it was held that the holder of a life policy was not to be affected by hearsay declarations of the subject of the insurance, made after the policy was issued, of facts alleged to have existed before it was issued. The plaintiff in the case before us had made a written declaration, that the subject of the insurance was in good health at the time of making her application for insurance, and that he did usually enjoy good health.   It was made a condition of the contract, that if the statements made by or on behalf of the insured, as the basis of or in the negotiations therefor, should be found to be untrue in any respect, the policy should be void.   The testimony which was received in the case, tended to show that the subject insured died of a scrofulous disease, and the jury might have so found.   Hence an issue in the case, was the real state of health of Swift at the time of the application for the insurance, and whether he was then the subject of scrofula, or had ever had symptoms of it to his own knowledge.   He had been asked by the examining physician, in regard thereto, and had answered in the qualified negative, that he was not aware thereof.   It is plain that if he was aware thereof, the information which he had was of essential importance to the defendants, and it is equally plain that his

---

\* The omitted portion of the opinion is taken up in discussing the facts as presented on exception to the denial of a motion for a nonsuit.

denial that he was aware thereof was a material representation, and that if it was untrue it was a concealment seriously affecting the validity of the contract. It is equally plain that the defendants had the right to show, not only how the fact was, but that Swift knew how it was. To ordinary apprehension it is a ready, and generally a reasonably conclusive way of showing a person's knowledge of his bodily condition, to prove his declarations concerning it, concurrent with some fact or act in relation thereto. It is conceded that acts, doings and appearance, as that the person was lame, was pale and haggard, was weak, may be shown. It is a rule that when an act is done, to which it is necessary or important to ascribe a motive or a cause, what was said by the actor at the time, from which the motive or cause may be collected, is part of the *res gestæ* and may be given in evidence ; (*Ambrose* v. *Clendon,* Cases *temp.* Hardw., 254 ; *Bateman* v. *Bailey,* 5 T. R., 512 ; *Gilchrist* v. *Bale,* 8 Watts, 355–358 ; *Barnes* v. *Allen,* 1 Keyes, 390 ; *Caughey* v. *Smith,* 47 N. Y., 244). And this is so sometimes when the actor is not a party to the suit, as well as sometimes when he is. When words go with an act the nature of which is the subject of inquiry, they are taken as original evidence. because what is said at the time is legitimate, if not the best, evidence of what was passing in the mind of the actor ; (1 Phil. on Ev., *185 ; and see *Thomas* v. *Connell,* 4 Mees. & Wels., 267, where declarations of a bankrupt were received to show knowledge by him of his insolvency, the fact of his bankruptcy being proven *aliunde*). So when one is lame, or weak or otherwise in bad bodily plight, his statement as to the cause, character and degree thereof, made at the time of the physical exhibition of the infirmity, would seem to be a legitimate mode of reaching his knowledge of his own condition.

But it is said that testimony of such declarations, in cases like this, is hearsay evidence, and may not be received against another than the actor himself. The cases above cited show that this is not always the case, but that where there is a legal relation between the actor and another, so that the act and the

declaration respecting it, do have a legitimate connection with that other, and a natural and legitimate effect upon him and his legal relations with others, the declarations, when a part of the *res gestæ*, may be received in evidence. There is not perfect agreement in the books upon the question, whether the declarations of the subject of a life insurance as to state of health, made to others than the insurers or their agents, may be received in evidence against the holder of the policy. One of the earliest cases is *Aveson* v. *Kinnaird* (6 East [1805], 188), where it was held that declarations of the wife, whose life was insured, made while she was in bed and seemingly ill, after the application for the insurance, but before the policy had been received by the husband, were properly taken in evidence. They were admitted there, on the ground that such declarations were evidence upon the fact of health, and that they were in the nature of a cross-examination of her statements to the medical examiner. *Kelsey* v. *Univ. L. Ins. Co.* (35 Conn., 225) relied upon the case in East (*supra*), and held that declarations made before the issuing of the policy were properly received. *Edwards* v. *Barron* (cited in Ellis on Insurance, *116), was a case in which declarations made before and after, were received. The soundness of these decisions has been called in question; (See *Mulliner* v. *Guard. Mut. Life Ins. Co.*, 1 N. Y. S. C. [T. & C.], 448; *Wash. L. Ins. Co.* v. *Haney*, 10 Kansas, 525; *The Frat. Mut. Life Ins. Co.* v. *Applegate*, 7 Ohio St., 292). In the last case it is said that *Aveson* v. *Kinnaird* (*supra*) has not been acquiesced in, and that the contrary doctrine is held in *Stobart* v. *Dryden* (1 M. & W., 615). I think that *Stobart* v. *Dryden* does not profess to overrule *Aveson* v. *Kinnaird*, or to establish that the conclusion there arrived at, upon the question there involved, was not correct; though the reasoning indulged in, and the authorities cited there, are criticised. Nor have I been able to discover where any court has held, that the declarations of one whose life has been insured for the benefit of another, made as to his state of health, and made at a time prior to and not remote from

his examination by the surgeon of the insurer, and in connection with facts or acts exhibiting his state of health, have been rejected from the evidence, where the issue was as to his knowledge of his own bodily state at that time. There are decisions that declarations, made after the contract of insurance has been effected, may not be put in evidence; but they are put upon the intelligible reason, that after the contract of insurance has been effected, the subject of insurance has no such relation to the holder of the policy, as gives him power to destroy or affect it by unsworn statements; (10 Kansas, *supra;* 7 Ohio St., *supra; Mulliner* v. *Guard. Life Ins. Co., supra; Rawls* v. *Mut. Life Ins. Co.,* 27 N. Y., 282). And in some cases it is said that such declarations in relation to acts and facts, made prior to the issuing of the policy, are not a part of the *res gestæ* of those acts and facts. But the remark did not grow out of the facts of the case. It is sometimes asserted that the case last cited, and the same case in the court below (36 Barb., 357), do hold that prior statements are inadmissible; (See Bliss on Life Ins., § 372; 1 Bigelow Life, Accident and Ins. R., 549, 558). But it does not appear from the statements of the case in Barbour and Smith (27 N. Y.) that the declarations offered were prior to the issuing of the policy; and it does from the statement in Smith that they were subsequent; and so they are shown to have been, by a reference to the case and points deposited in the State Library. It is true that the opinion of the learned judge given in Barbour, condemns the introduction in evidence of prior declarations. But as it does not appear that any such were offered the remark was *obiter;* and as it does not appear that they were offered, as having been made in connection with his prior acts, to show the knowledge of the insured at the time of his medical examination, the remark is still less applicable to the question we have in hand. We must conclude that there is no decisive authority, against the admission of prior declarations accompanying acts, to show knowledge, while there is some for it. Upon the principle of the matter, we hold that when made at a time not too

long before the application and examination; and when a part
of the *res gestæ* of some act or fact, exhibiting a condition of
health which they legitimately tend to explain, they are
admissible to show knowledge in the subject of the insurance,
of his physical condition.  Statements made by a person
while disclosing a wound or sore, as to the cause or nature of
it, are evidence, not much weaker than the existence of the
wound or sore, of his knowledge of his bodily state.  The
latter prove that he knew that he was ailing, and no one
denies that the proof of them is admissible, to show that he
was and that he knew it.  The former tend to prove with
more or less certainty, as the cause and character of the ail-
ment are more or less in the common and unskilled knowl-
edge of men, that the cause and character of it are known
to him.  The taker of a life policy from insurers when he
asks payment after the death, is liable to an inquiry into the
previous life and condition of the subject insured, at the time
of the application for the insurance, or at a prior time not
remote therefrom.  All facts may be proven which tend to
show that condition, because he has a legal relation to them,
and they legitimately affect his right to the contract which
he has got.  As he presents the subject of insurance to the
insurers, as one who for him may make answer to their mate-
rial inquiries, and as one who, to the extent of his knowledge,
will make answer thereto truthfully, he has a legal relation
to the subject of insurance, and is bound by his answers of
material facts, and is affected by his knowledge and his
answering according thereto or variant therefrom.  Hence
it is that any prior fact or act, not too remote, is proof against
the policy holder, of knowledge concealed by the subject of the
insurance.  Hence it is, too, that any statement which is part
of the *res gestæ* of such prior fact or act tending to characterize
and explain it, is also proof thereof, though unsworn to.  Facts
occurring after the insurance has been effected may be evi-
dence, inasmuch as all facts which are material are competent
to be proven.  But the subsequent statements of the subject
of insurance, not connected with a cotemporary act or fact,

Statement of case.

are then but hearsay, for in such case the policyholder has no such legal relation to the subject as that the latter may affect him by his unsworn declarations; and the declarations have no such connection with any prior act or fact as to be a part of the *res gestæ* thereof.    *    *    *

For the error in rejecting the statements of Swift tending to show knowledge of his physical state, the judgment must be reversed and a new trial ordered.

All concur; except CHURCH, Ch. J., not voting.

Judgment reversed.

