WILKINS V. THE GERMANIA FIRE INSURANCE CO. ET AL.·

1. **Insurance**: WARRANTY: BREACH OF: BURDEN OF PROOF. Where the warranty contained in an application for fire insurance was, that the statements were "just, full and true, *so far as the same are known to the applicant,*" the absolute truth of the facts stated was not warranted; and the burden was upon the company to prove a breach of the warranty.

2. ——: ———: DESCRIPTION OF BUILDING. Where the building insured was described as "two stories high," and the main part was two stories high, but a small, rear addition, was only one story high, such inaccuracy of description would not constitute a breach of the warranty.

3. ———: EVIDENCE OF VALUE: VERDICT. The evidence of the value of the building considered, and held sufficient to sustain the verdict.

4. ———: PROOFS OF LOSS: MOTION TO DISMISS: PRACTICE. The objection that the proofs of loss were not made in time is not reviewable under the circumstances of this case. Where a party demurs to the evidence, or moves to dismiss for insufficiency of the evidence, he must be deemed to have waived his exception to the admissibility of the evidence, and on an appeal from the ruling, upon the motion to dismiss, this court can only review the correctness of that ruling.

*Appeal from Guthrie District Court.*

MONDAY, DECEMBER 19.

ACTION upon a policy of fire insurance, executed to the plaintiff by the defendants, the Germania Fire Insurance Co. and the Hanover Fire Insurance Co. The defendants for answer set up certain alleged breaches of warranty, and also a failure to serve proof of loss. After the plaintiff had introduced evidence on his part and rested, the defendants demurred to the evidence and moved to take the case from the jury, and to dismiss it for want of any evidence upon which a recovery could be based. The court overruled the motion and rendered judgment for the plaintiff. The defendants appeal.

*Piatt & Carr*, for appellants.

*Wolf & Landt*, for appellee.

VOL. LVII—34

ADAMS, CH. J.—I.  The policy was issued upon a written application, and the insured covenanted that the statements contained in the application were "a just, full, and true exposition of all the facts and circumstances in regard to the condition, situation and value of the property to be insured, so far as the same are known to the applicant."  It was also provided, both in the application and policy, that the statements of the application should be deemed warranties.

*1. INSUR-ANCE: warranty: breach of: burden of proof.*

In the application it was stated, among other things, that the exposures on the east, within one hundred and fifty feet, were two frame buidings.  The answer avers that there were more than two frame buildings within one hundred and fifty feet on the east.  The plaintiff for reply averred that the "said adjoining risks within one hundred and fifty feet, not mentioned in the application, were not directly or indirectly the cause of the loss nor tributary thereto, and the defendants were in no way prejudiced thereby."

If there was a breach of warranty such fact is fatal to the plaintiff's recovery, and it is not proper to inquire whether the loss occurred by reason of the existence of facts which constituted the breach of warranty.  We do not indeed understand the plaintiff as seriously insisting that it is.  His position, as we understand, is that there is no evidence that there was a breach of warranty.  To this the defendants reply that no evidence was necessary, because the plaintiff virtually admits in his reply that there were exposures within one hundred and fifty feet, not mentioned in the application, and they insist that if this is so there was necessarily a breach of warranty.  It is to be observed, however, that the warranty in this case is somewhat peculiar.  The warranty is that the application "is a just, full, and true exposition of all the facts and circumstances in regard to the condition, situation, and value of the property insured, *so far as the same are known to the applicant.*"

Our attention has been called by the defendants to several decisions holding that the ignorance of the insured of the untruth of the matters warranted is immaterial. This is undoubtedly correct where the truth of the matters stated is warranted absolutely. But we cannot deem the truth of the matters stated as warranted absolutely in this case, without completely eliminating from the warranty the words, *so far as the same are known to the applicants*, and giving them no force whatever. This we should not be justified in doing. *Garcelon v. Hampden Insurance Co.*, 50 Me., 580.

As to whether the plaintiff had knowledge that there were more exposures on the east within one hundred and fifty feet, than he stated in the application, there was no evidence one way or the other. This being so, the defendants contend that judgment should have been rendered in their favor, because all matters warranted are a part of the contract, and the burden is on the plaintiff to prove the truth of the matters warranted as a condition of recovery. It is not to be denied that it has been frequently so held. *Campbell v. New England Mutual Life Insurance Co.*, 98 Mass., 381; *McLoon v. Connecticut Mutual Life Insurance Co.*, 100 Mass., 472; *Jefferson Insurance Co. v. Cotteral*, 7 Wend., 72. This court assumed that to be the correct rule in *Miller v. Mutual Benefit Life Insurance Co.*, 31 Iowa, 216; but the precise question was not involved in the case. As holding a different rule see *Swick v. Home Life Insurance Co.*, 2 Dillon, 160, and *Holabird v. Atlantic Mutual Life Insurance Co.*, 2 Dillon, 166. For the purposes of this opinion, it may be conceded that the general rule is that the burden is upon the insured to prove the truth of the matters warranted as a condition of recovery. But there are some exceptions to the rule. Where the pleadings are so framed that the defendant assumes the burden of showing a breach of warranty, it has been held that he has such burden. *Leete v. The Gresham Life Insurance Co.*, 7 Eng. Law and Eq., 578. The defendants in the case at bar

averred a breach of warranty, and, according to the case above cited, should not afterwards be allowed to say that they did not have the burden of proving it.

There is another view which may be taken, and which seems to us entirely conclusive, that the burden in this case was upon the defendants. The breach of warranty alleged in this case, if proven, would have shown a want of good faith. It would have appeared that the plaintiff had procured the contract by statements which he knew at the time were not true. Now, fraud is never to be presumed, but the reverse. The precise question arose in the case last above cited. It was held that the allegations of falsehood made by the defendants amounted to fraud, and that it was incumbent, therefore, upon the defendants to prove them, because the presumption is always in favor of innocence and against fraud.

In the absence then of any evidence tending to show that the plaintiff knew that there were exposures on the east, within one hundred and fifty feet, besides the two frame buildings mentioned, the plaintiff's right of recovery must be sustained so far as this ground is concerned.

II.   Another breach of warranty is alleged to consist in the fact that the building insured was described as two stories high. 2. ——: ——: It is shown that only the main part was two stories *description of building.* high and that there was a small, rear addition only one story high.   There was evidence tending to show that the plaintiff was not wholly unacquainted with the building, and we think that a court or a jury might well have believed that he knew that the whole building was not two stories high. But we are unable to conclude that there was any such misdescription as to constitute a breach of warranty. The building was in fact a two-story building. It would, we think, be usually so denominated, notwithstanding the one-story rear addition.   The description in regard to height pertained, as it appears to us, rather to identification than the character of the risk; and where this is so not quite the same accuracy is required.

III.   The defendants insist that there was no evidence of the value of the house, and that no recovery should have been allowed for that reason.   The plaintiff estimated the house at $800, but upon cross-examination it was made to appear that he included a few dollars for damage done to the foundation walls, also the value of an ice-box, built into and constituting a part of one of the walls of the house, and also an awning.   The judgment rendered was for $700.   No estimate was placed upon the value of the ice-box or awning, and so it is said that the value of the building, which alone, exclusive of the fixtures, was covered by the policy was not shown.   In our opinion the foundation walls, ice-box, and awning were a part of the building, and were covered by the policy.   It is true "store furniture and fixtures" appear by the terms of the policy to be excluded, but we understand by the language used that the only fixtures excluded were store fixtures, and it is not claimed that any fixtures were included in the estimate which could be considered such.

*3. ——: evidence of value: verdict.*

IV.   It is said that the plaintiff was not entitled to recover, because his proofs of loss showed false swearing and attempted fraud, and that the policy expressly provides that false swearing, or attempted fraud, shall cause a forfeiture of all claims under the policy.   But this defense was not made in the answer.

V.   Lastly, it is is said, that proofs of loss were not made in time.   But it appears to us that this question is not reviewable by us.   The proofs were admitted, and upon the theory that they were made in time.   The defendants objected to their admission expressly upon that ground, and the court overruled their objection to which the defendants excepted.   But the case comes to us upon appeal from an order overruling the defendant's demurrer to the evidence, or what was equivalent thereto, a motion to take the case from the jury, and to dismiss the same for

*4. ——: proof of loss: motion to dismiss: practice.*

insufficiency of the evidence. Where a party excepts to the admissibility of evidence, and afterwards demurs to the evidence, or moves to dismiss for insufficiency of the evidence, he must be deemed to have waived his exception to the admissibility. *Chapin v. Bane*, 1 Bibb., 612; *Lewis v. Few*, 5 Johns, 1. The reason for the rule will be apparent by considering that where evidence has been admitted, under an express ruling as to its admissibility, the party introducing it has a right to rely upon it until it is expressly excluded, and if it is excluded, he has a right to supply other evidence, if he can, or to take such other course as the exigency of his case may seem to require. In admitting the proofs in the case at bar against the defendant's objection, that they were not served in time, the court must have held that there had been no laches on the part of the plaintiff, or that his laches, if any, had been waived. It seems probable to us that the court held that the plaintiff's laches, if any, had been waived. We find a stipulation signed by the defendants' attorneys, which after setting out the title of the case is as follows: " It is hereby stipulated that the above entitled cause shall be tried as soon as reached in its order after proofs of loss have been received by the companies, the same as if notice and proof of loss had been made prior to the commencement of the action, hereby waiving all objection on account of the omission by plaintiff to give such notice and furnish such proof of loss prior to the commencement of the action."

The defendants insist that the design of the stipulation was to merely waive the fact that the action was premature. It seems probable that it was construed by the court as a waiver of all laches in respect to the notice and proof of loss.

The defendants further insist that their attorneys had no power to waive more than the mere fact that the action was premature. The court might have held, and probably did hold, otherwise.

The question as to the sufficiency of this stipulation to con-

stitute a waiver of all laches is argued by the defendants, and we are asked to rule upon it. But it appears to us that we cannot properly do so. If the trial had been allowed to proceed, and the court had become satisfied that the proofs ought to be excluded it should, and we have no doubt would, have excluded them.

We cannot say what might have transpired in respect to the proofs, if the trial had proceeded. But the defendants arrested the trial. This they did while the proofs were in. They left nothing for the court to do but to pass upon the sufficiency of the evidence as it stood, and upon the supposition that it was all admissible.

In taking a ruling upon the motion, and in coming here upon appeal from the ruling thereon, it appears to us that we have nothing for review except the correctness of that ruling, and in that we find no error.

Several other points are made by the defendants, but we think they are substantially covered by the views which we have expressed.
AFFIRMED.