ELLEN NICHOLS, RESPONDENT, *v.* THE BROOKLYN CITY
RAILROAD COMPANY, APPELLANT.

*Evidence in an action for injuries caused by defendant's negligence — declaration of
plaintiff as to pains — when admissible to characterize and explain his acts.*

This action was brought by the plaintiff to recover damages for a personal injury
alleged to have been occasioned by the defendant's negligence. Upon the
trial a girl, who had slept with the plaintiff some three months after the injury,
was allowed to testify that the plaintiff would sit on the edge of the bed and
complain of pain in her arm and shoulder.

*Held,* that the plaintiff's declaration was properly admitted as tending to charac-
terize and explain her act in so sitting upon the bed. (PRATT, J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered upon
the verdict of a jury, and from an order denying a motion for a
new trial made upon the minutes of the justice before whom the
action was tried.

The action was brought to recover damages for injuries sustained
by the plaintiff while leaving one of the defendant's cars.

*Winchester Britton,* for the appellant.

*Charles J. Patterson,* for the respondent.

BARNARD, P. J. :

No error is presented by this appeal sufficient to call for a reversal
of the judgment. The plaintiff was injured in consequence of the
negligence of the defendant. She was rendered incapable of labor
for some four months; has nearly lost the use of one eye; suffers
constant pain day and night, and for four weeks coughed and spit
blood. The jury have assessed the damages at $1,900. It is not
so large as to suggest any passion or prejudice. An appellate court
cannot say it is beyond a moderate compensation. The plaintiff
was a witness upon the trial and testified to the pain with which
she was afflicted. She produced one Kate Creahan, a girl who had
slept with her some three months after the injury at the house of a
Mrs. King. This girl testified that the plaintiff would sit on the
side of the bed, and that while so sitting she complained of pain in
her arm and shoulder. The testimony of the fact of sitting upon
the side of the bed had no relevancy without the expression of pain

which characterized the act. It was part of the act, and as such admissible to characterize and explain it. (*Swift* v. *Massachusetts Mutual Life Ins. Co.*, 63 N. Y., 186.) The evidence of the declaration was admissible to explain the act and ascribe a cause for it. The judgment therefore must be affirmed, with costs.

DYKMAN, J., concurred.

PRATT, J., dissented on question of admissibility of evidence of declarations.

Judgment and order denying new trial affirmed, with costs.