MUTUAL LIFE INS. CO. OF NEW YORK v. SELBY.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1896.)

1. APPEAL—HARMLESS ERROR.
   An alleged error in admitting in evidence a policy of insurance, without requiring plaintiff to offer therewith the application on which the policy was based, and which formed part of the contract, *held* no ground for reversal, where the application was afterwards admitted, and went before the jury, on defendant's own offer.

2. LIFE INSURANCE—APPLICATION—EVIDENCE.
   Affidavits of insured's neighbors in support of his application for a pension, containing statements as to his health, are properly excluded in an action on a policy subsequently applied for and obtained, when it does not appear that insured himself procured the affidavits, or knew their contents.

3. SAME—REPORT OF PENSION-EXAMINING PHYSICIANS.
   The report of physicians who examined a person on his application for a pension is not admissible, as tending to show the falsity of statements afterwards made by him in an application for life insurance, where it does not appear that he knew of the report or its contents.

4. SAME—DECLARATIONS AND ADMISSIONS.
   Statements made to a third party, by one applying for a pension, as to his physical condition at that time, are inadmissible in a suit upon a policy of life insurance afterwards applied for and obtained by the pensioner.

5. SAME—STATEMENTS TO ATTORNEY—PRIVILEGED COMMUNICATIONS.
   Statements made by an applicant for a pension, to one acting as his attorney in the matter, are privileged communications, and cannot be proved in an action upon a policy of life insurance subsequently applied for and obtained by the pensioner.

6. SAME—PAROL EVIDENCE.
   An applicant for life insurance stated, in answer to a question, that he was on the United States invalid pension roll, under the pension laws of 1890, "for general disability," and "not for any acute or chronic disease." In a suit on the policy, plaintiff was allowed to show that the answers in the application were written by the examining physician of the insurance company; that, in answer to the question whether the applicant was on the invalid pension roll, the latter answered that he was there for general disability; that the physician then asked if he had any acute or chronic disease, to which he answered, "No;" and that the physician himself then

added the statement, "Not for any acute or chronic disease." *Held*, that this evidence did not alter or diminish the terms of the written warranty, so as to render the admission of the evidence erroneous under the rule relating to parol evidence.

7. SAME—QUALIFIED REPRESENTATIONS.

An applicant for life insurance, on his medical examination, stated, in answer to a question, that he was on the United States invalid pension roll, under the act of 1890, "for general disability," and "not for any acute or chronic disease." It appeared, however, from a footnote of the medical examiner, that the insured proceeded to say that his pension was obtained at the solicitation of a pension lawyer about three years before, and that he could give no further particulars. *Held*, that this was a declaration that he answered so far as his memory served; that it was then the duty of the company, if it desired to know the particulars, to examine the pension roll; and that, although the pension records showed certain specified diseases, there was no breach of the warranty.

8. SAME—TRIAL—INSTRUCTIONS.

Certain instructions to a jury, containing comments in respect to conditions in fine print upon insurance policies, with a reference to the effect of conditions printed in like manner upon a railroad passenger ticket, *held* justly open to criticism, though not sufficient ground for reversal.

In Error to the Circuit Court of the United States for the Northern Division of the District of Washington.

This was an action by Christine Selby against the Mutual Life Insurance Company of New York to recover upon three policies of life insurance upon the life of William Selby. In the circuit court a verdict was rendered for plaintiff, and judgment was entered accordingly. 67 Fed. 490. Defendant brought error.

E. Lyman Short and Strudwick & Peters, for plaintiff in error.

Fred H. Peterson and L. C. Gilman, for defendant in error.

Before McKENNA, GILBERT, and ROSS, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error was the plaintiff in an action brought in the court below to recover upon three policies of life insurance. The trial resulted in a judgment for the plaintiff for the amount sued for. The plaintiff declared upon policies of life insurance issued by the defendant upon the life of William Selby, amounting in the aggregate to $10,000, payable to her as the beneficiary. The defendant admitted the issuance of the policies, and the payment of the premiums due therefor, and the death of the insured, but defended against liability on the ground of a breach of the warranties contained in the policies. It alleged that as a part of the contract of insurance, and as a condition precedent to the defendant's liability thereon, the insured made certain warranties concerning the condition of his health, and his freedom from certain diseases named, and the grounds on which he had received a pension, and that the policies were issued and delivered to him in consideration of such warranties, and on the faith of the truth of the same, but that all of said warranties were untrue. These allegations of the answer were denied in the replication. Reference must therefore be had to the application for insurance, and to the policy, to ascertain the terms of the contract. In the application the insured, after answering specific questions propounded by the insurance company, subscribed to the following:

"I also agree that all the foregoing statements and answers, as well as those that I make to the company's medical examiner in continuation of this application, are by me warranted to be true, and are offered to the company as a consideration of the contract."

The policy which was issued upon said application contains the following recital:

"In consideration of the application for this policy, which is hereby made a part of this contract, the Mutual Life Insurance Company of New York promises to pay," etc.

In its answer to the complaint the defendant made no reference to the premiums paid on the policies, amounting in all to $648, nor did it offer to refund or repay the same. The policy, unlike those ordinarily issued, contains no express provision whatever whereby the contract of insurance shall be deemed null and void if the facts warranted to be true are untrue, nor does it stipulate that in that event the sums that may have been paid, as premiums thereunder, shall be forfeited to the insurance company.

It is assigned as error that the court admitted in evidence the policy of insurance without requiring the plaintiff to offer therewith the application on which the same was based, and which was a part of the insurance contract. The plaintiff in error was not prejudiced by this ruling, for the application was subsequently admitted upon its own offer, and went before the jury. Edington v. Insurance Co., 67 N. Y. 185; Woodbury v. Hinckley (Colo. App.) 32 Pac. 860.

It is said that the court erred in excluding from the evidence certain affidavits of neighbors of the insured, which had been obtained and used in support of his application for a pension. In these affidavits it is recited that the pensioner had made certain statements to the affiants concerning the condition of his health. It did not appear that the insured himself procured the affidavits, or knew their contents. There was no ground upon which they were admissible in evidence. Swift v. Insurance Co., 63 N. Y. 186; Dilleber v. Insurance Co., 69 N. Y. 256. The same is true of the ruling of the court concerning an alleged report of physicians who examined the insured on his application for a pension. The report was properly excluded for the same reasons that excluded the affidavits. It did not appear in the bill of exceptions that the insured knew of this report, or its contents. The report contained only the opinion of the physician. It was not admissible in evidence, against the insured or his beneficiary, in an action upon the policy. The most that could be claimed for either the affidavits or the report is that in case the affiants or the physician had appeared as witnesses in the case, and had testified otherwise than as shown therein, they might have been impeached by proof of their previous contradictory statements. Schwarzbach v. Protective Union, 25 W. Va. 622; Swift v. Insurance Co., 63 N. Y. 186.

Error is assigned to the ruling of the court excluding the testimony of one James H. Wilson, who was called to testify concerning statements made to him by the insured concerning his physical condition at the time of his application for pension. No

error is found in this ruling. The statements of the insured were clearly incompetent evidence, and not binding upon the plaintiff. Insurance Co. v. Morris, 3 Lea, 101; Insurance Co. v. Cheever, 36 Ohio St. 201; Schwarzbach v. Protective Union, 25 W. Va. 622; Dilleber v. Insurance Co., 69 N. Y. 256. It appeared, also, that the statements were made to the witness while he was acting as attorney for the insured in obtaining his pension. Upon that ground, also, the evidence was properly excluded. Connecticut Mut. Life Ins. Co. v. Union Trust Co., 112 U. S. 250, 5 Sup. Ct. 119; Insurance Co. v. Schaefer, 94 U. S. 457; Liggett v. Glenn, 2 C. C. A. 286, 51 Fed. 394; Chirac v. Reinicker, 11 Wheat. 280; Edington v. Insurance Co., 67 N. Y. 185; Tramway Co. v. Owens (Colo. Sup.) 36 Pac. 848.

It is assigned that there was error in the admission of parol evidence tending to show that the answers made by the insured to the questions propounded in the application for insurance were not those that were actually written in the application. The testimony so admitted was offered by the plaintiff to rebut the defendant's evidence in support of its defense of a breach of warranty. The warranty, as alleged in the answer, consisted in the fact that the insured had stated that he was on the United States invalid pension roll, under the pension laws of 1890, for general disability, and not for any acute or chronic disease. The plaintiff had met this allegation of warranty and the breach thereof by a general denial in his reply, and the defendant had submitted in evidence, in proof of the alleged breach of the warranty, a copy of the pension roll, in which it appeared that the insured was "disabled by piles, rheumatism, and naso-pharyngeal catarrh"; but it also appeared that his declaration for pension alleged "permanent disability, not due to vicious habits, from deafness of left ear, catarrh, and general disability, rheumatism." The plaintiff then called as her witness the physician who made the examination of the insured, and wrote his answers concerning his health and physical condition in the application for insurance. He was allowed to testify, over the objection of the defendant, that the insured had made answer to the question whether or not he was on the invalid pension roll by saying that he was, and that he was there for general disability; that the witness then asked him if he had at that time any acute disease, and he answered, "No," and that he then asked him if he had any chronic disease, and that he made the same answer; that the witness then added the statement to the answer of the insured, "not for any acute or chronic disease." It is urged on behalf of the plaintiff in error that this parol evidence was admitted erroneously, for the reason that it was incompetent by such testimony to alter the terms of the written warranty, and that, even if such testimony were admissible, it could only be upon the theory that it was matter in estoppel, and that no foundation was laid in the pleadings for its admission upon that ground. In the view we take of the warranty and the evidence of its breach, the testimony so admitted and excepted to could not have prejudiced the plaintiff in error. The substance of the warranted statement was, that the insured was upon the pension roll for general disability, and not for

any acute or chronic disease. The proof offered to establish the breach was that he was upon the pension roll, not only for general disability, but also for certain named diseases. The parol testimony which was thereafter offered by the plaintiff cannot be said to have tended to vary the written warranty, or to have in any way prejudiced the company's interests. The breach of warranty, if any such breach there were, consisted in the fact that the insured stated that he was on the pension roll for general disability, and not for any acute or chronic disease, when he should have said that he was on the roll for general disability, resulting from piles, rheumatism, and naso-pharyngeal catarrh. It appeared sufficiently from the application itself that the answers to the questions were reduced to writing by the medical examiner. It was immaterial whether the applicant volunteered the statement that he was on the pension roll "not for any acute or chronic disease," or whether he so answered in response to the special questions, as testified by the medical examiner. In either case the statements were the statements of the insured, and their force as such was not in any degree diminished by the parol testimony so introduced.

Nor was there error in the refusal of the court to instruct the jury to find a verdict for the defendant. This instruction was requested on the ground that the insured had warranted that he was upon the United States invalid pension roll for general disability, and not for any acute or chronic disease, whereas in fact he was on said roll for piles, rheumatism, and naso-pharyngeal catarrh, the evidence of which was uncontradicted, and that, since the warranted statements were untrue, the plaintiff could not recover. If any of the statements warranted by the insured to be true were not true, the policy is void, whether the statements were material or not. But the court cannot say, as a conclusion of law, that the warranted statement was untrue. The question propounded to the witness—whether or not he was on the United States pension roll, and, if so, for what disability —had reference to the act of 1890 (26 Stat. 182), which makes provision for a pension to all honorably discharged soldiers, who were in the service of the United States during the late war of the Rebellion, "who are now, or who may hereafter be suffering from a mental or physical disability of a permanent character, not the result of their own vicious habits." The answer of the insured was that he was upon such roll for general disability, and not for any acute or chronic disease. If his answer had rested there, there would be good ground for saying that it was untrue; but it appears from the footnote of the medical examiner (which must be taken as a part of the answer) that the insured proceeded to say that his pension was obtained at the solicitation of a pension lawyer, about three years ago, and that he could give no further particulars. Here was a distinct declaration that he had answered the question so far as his memory served him. Notice was thereby given to the insurance company that it might, on examining the pension roll, discover further particulars concerning its contents. If the company desired to know those particulars, it was its duty to pursue the investigation further. It was evidently satisfied to accept the recollection of the

insured concerning the grounds on which his pension was allowed. He did not warrant that he was on the pension roll for general disability. He warranted that such was his recollection of the facts. The company could only prove a breach of the warranty by showing that at the time he made it the insured remembered or knew more of the particular diseases enumerated in his declaration for a pension than he had stated in his application. Insurance Co. v. France, 94 U. S. 561; National Bank v. Insurance Co., 95 U. S. 673; Fisher v. Insurance Co., 33 Fed. 549; Redman v. Insurance Co., 47 Wis. 89, 1 N. W. 393; Wilkins v. Insurance Co., 57 Iowa, 529, 10 N. W. 916.

It is assigned as error that the court, in ruling upon the objection to the admission of parol testimony to vary the terms of the written contract, used the following language:

"I do not know just on what ground it can be justified, but the courts have done it, presumably because they intend to hold that insurance companies do assume some liability, which would be very difficult to maintain if the strict letter of their policy which they issue were enforced to the full extent, and very few insurance policies would bind the companies. Like a passenger ticket issued at a station on a railroad, which is given to a traveler as a contract for transportation, it is filled up with a lot of terms and conditions printed too fine for a person of ordinary eyesight to read, which exempts the carrier from every kind of obligation or liability to carry the passenger anywhere; but the courts nevertheless do enforce the liability."

Exception is taken to these remarks, on the ground that they tended to prejudice the jury against the defendant. The learned judge had referred to the decisions of the United States supreme court permitting oral testimony in such cases, and the language above quoted was used in expressing his view of the difficulty of enforcing the liability of an insurance company if the strict letter of the insurance contract were always observed. He made no comment upon the force of the testimony, or upon the rights of the respective parties to the controversy. While the remarks were perhaps justly open to criticism, we do not think we would be justified in reversing the judgment because of them.

Since we find no error occurring at the trial for which the judgment should be reversed, it is unnecessary to consider the question whether or not the insurance company, by retaining the premiums paid upon the policies, was thereby estopped to allege that the contract was void for breach of warranty. The judgment is affirmed, with costs to the defendant in error.