## Henry Schwartz v. Berkshire Life Insurance Co.

1. LIFE INSURANCE—*Policies Obtained by False Representations.*— A policy of life insurance obtained by false representations of facts material to the contract, is void.

2. SAME—*Statements of One Whose Life Is Insured for the Benefit of Another Admissible.*—Statements of a person whose life has been insured for the benefit of another, relating to the health of the insured, when they tend to show knowledge of bodily infirmity and are made at a time prior to and not remote from the time of the examination of the insured by the physician of the insurer, are competent as a part of the *res gestae*, when the question of knowledge of such infirmity is raised by the insurer.

**Assumpsit,** on a policy of life insurance. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed October 29, 1900.

Statement.—Upon December 27, 1897, appellee issued a policy of insurance upon the life of Charles Cervinka, otherwise known as Charles Sheldon, in which latter name the policy was written. The policy was by its terms payable to the executors, administrators or assigns of the insured. Sheldon died April 2, 1898. Appellant Schwartz brought this suit as assignee and produced a written assignment purporting to have been executed by the insured. Appellant claimed to be a creditor of the insured to the amount of $3,456.43 and interest thereon, evidenced by a promissory note purporting to have been executed by Sheldon, and also in the sum of $1,400 to $1,600 upon other items. The amount of the insurance policy is $10,000.

After the death of Sheldon, claim was made by appellant to the amount of the policy and payment was refused by appellee.

The defense of appellee consists of the following contentions, viz.: First, that the policy was fraudulently obtained by Sheldon and Schwartz, who sent another person to the medical examiner to impersonate Sheldon, and that Sheldon was never examined by the medical examiner; second, that the representations made by the insured were false warranties as to material facts concerning the health and history of the insured; third, that Schwartz had no insurable interest in the life of the insured, and that the policy was in fact a wager policy.

The issues were submitted to a jury, and the jury entered a general verdict for appellee and with it the following special finding :

" Did Charles Sheldon, at the time of signing and making the application which is in evidence in this case, and upon which the policy of insurance sued on was issued, have consumption ? "  Answer :  " No."

· A motion by appellant for a new trial and a motion for judgment upon the special finding were overruled and judgment for appellee was entered upon the general verdict.

B. M. SHAFFNER, attorney for appellant.

SWIFT, CAMPBELL & JONES, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

It is contended by counsel for appellant that the verdict is against the weight of the evidence, and that the general verdict is not consistent with the special finding. Complaint is also made of certain alleged error in procedure.

The general verdict of the jury must be sustained if the evidence is such as warranted a finding that Sheldon, the insured, never submitted to a medical examination, as required by the appellee company, but sent some other person to impersonate him in such examination. If the verdict be sustained upon this ground, there would be no question of inconsistency between general verdict and special finding.

We are of opinion that the evidence warrants the conclusion that the man who submitted to the medical examination in the name of Sheldon, was some other person fraudulently representing himself as Sheldon. A photograph of Sheldon, taken after death, was introduced in evidence, also a tin-type picture taken in his lifetime. When shown these pictures several witnesses who saw the man who submitted to the medical examination, testified positively that he was not the one shown by photograph and tin-type. Among these witnesses so testifying were Wyman, the general agent of the appellee company; Mrs. Crandall, who was his stenographer; Sanborn, bookkeeper of the company; Dr. Newman, the medical examiner, and White, the solicitor who obtained the risk for the appellee. Several of them testified that the man who was examined wore a moustache, while it is shown by other witnesses that Sheldon was about that time smooth shaven. This was a matter upon which it is not likely that witnesses could be honestly mistaken. It is true that these witnesses are all more or less interested in the appellee company by reason of their employment, but the jury, and the trial judge who approved of the verdict, had opportunity to see and hear these witnesses, and a verdict based upon this tes-

timony can not be said to have been against the manifest weight of the evidence.

Upon the second question of fact, viz., whether the insured made such misrepresentations as to his health and history as constituted false warranties, we are of opinion that the verdict for appellee is sustained by the evidence. Among other questions and answers contained in the written application purporting to have been signed by Sheldon is the following :

"Have you ever had any of the following diseases: Chronic or persistent cough or hoarseness ? " Answer: "No."

"Asthma or shortness of breath ? " Answer : "No."

"Pleurisy or any chest or lung disease ? " Answer: "No."

The evidence tends very strongly to establish the fact that whether Sheldon, at the date of the issuing of the policy, was afflicted with pulmonary consumption or not, he was in any event subject to severe attacks of coughing, which had become chronic, and that his lungs had in some degree at least become affected by disease. The answers to these questions might well have been found by the jury from the evidence to have been false, and such finding would be supported by a preponderance of the evidence.

Nor would the special finding of the jury that Sheldon "did not have consumption" be inconsistent with a general verdict based upon such conclusions of fact.

The following question and answer are also part of the application :

16.  "State particulars of any illness, constitutional diseases or injury you have had, giving date, duration and remaining effects, if any." Answer:  "Never been sick."

Joseph Cervinka, a brother of Sheldon, testified that Sheldon "had a fall in 1893, and went to the Alexian Brothers' Hospital, and ever since he was not the same fellow he used to be; he was in the hospital six weeks," and that Sheldon "was unhealthy ever since." This evidence is not contradicted, and if credited it establishes conclusively

that the representation of the insured in answer to this six-teenth question was false. This was enough to warrant the general verdict. If the verdict had been for appellant it is difficult to see how it could have been allowed to stand in view of the uncontradicted evidence of this unimpeached witness. It can not be, and is not, contended that the matters thus inquired of and answered are not material matters.

The third question presented is as to the proof of an interest in Schwartz, the appellant. It is contended by counsel for appellee that the evidence fails to establish any such interest. The claim of appellant rests upon an assign-ment to him as a creditor of the insured and an alleged indebtedness of between $6,000 and $8,000. The major part of this alleged debt consists of principal and interest upon a promissory note, purporting to have been executed by Sheldon. An expert, called as a witness by appellee, tes-tified that the signature to the assignment of the policy and the signature to the note were not written by the same per-son. If the jury believed this testimony, they must have concluded either that the assignment was never executed by Sheldon, or that the note was not executed by him, and in the latter case the entire testimony of Schwartz as to the indebtedness of Sheldon to him might properly have been discredited. If there was no assignment the claim of appel-lant could not prevail. If there was no indebtedness, the policy was a mere wager policy, for it was issued for the benefit of Schwartz, who procured it and paid the premiums.

There are complaints as to matters of procedure, but in view of the conclusion reached that the verdict could not have been other than for appellee upon all the evidence, it becomes unnecessary to consider them at any great length. The instructions numbered 1, 4 and 5, could have worked no prejudice to appellant. The material facts here in ques-tion, viz., the accident and consequent ill health, were known to the insured and a failure to communicate the same did vitiate the policy. The evidence complained of, regarding statements by the insured after the issuing of the policy,

Schwartz v. Berkshire Life Ins. Co.

was not objected to, and the evidence of statements made before the issuing of the policy was proper and its admission was not error. The rule seems to be that statements and declarations of one whose life has been insured for the benefit of another, are competent when they relate to the health of the insured and tend to show knowledge of the insured of bodily infirmity or disease, provided such statements and declarations were made at a time prior to and not remote from the time of the examination of the insured by the physician of the insurer, and provided there is an issue as to the knowledge of the insured of such infirmity or disease. The ground of admissibility being that they are closely enough connected with the representations to the insurer to be a part of the *res gestae.* Kelsey v. Universal Life Ins. Co., 35 Conn. 225; Swift v. Mass. Mut. Life Ins. Co., 63 N. Y. 186; McGowan v. S. C. I. O. F., 104 Wis. 173.

Complaint is made of remarks of counsel for appellee in the course of argument to the jury, but we are precluded from passing upon the force of the objection by the fact that no ruling of the court was had thereon.

We do not regard the complaint as to misconduct upon the part of one of the jurors as presenting ground for interference with the verdict.

A question raised by counsel for appellee as to the right of appellant to maintain this suit in his own name, as assignee of the policy, becomes unimportant by reason of the conclusion reached, that suit upon the policy can not be maintained in the name of any one.

The special finding by the jury is not inconsistent with a general verdict for appellee based upon conclusions of fact from the evidence as above indicated. The judgment is affirmed.