were true, was equivalent, we think, to a reiteration of the plea of privilege, and was sufficiently specific to inform the plaintiff that each cause of action was to encounter that defense. We conclude, therefore, that no error was committed by the learned trial court in dismissing the plaintiff's complaint, and that the judgment and order appealed from should consequently be affirmed.

Judgment and order affirmed, with costs. All concur.

---

### PERRIN v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Term. February 23, 1900.)

1. INSURANCE—APPLICATION—BREACH OF WARRANTY—FRAUDULENT INTENTION.
   Insured kept a dry-goods store, both before and after the making of the application for life insurance. He had occasionally been employed as a bevel smoother of plate glass. In his application for insurance he stated that his occupation was that of a dry-goods store keeper. *Held*, the failure of insured to disclose his occasional occupation, in the absence of a fraudulent intent to mislead, does not constitute a breach of warranty.

2. TRIAL—SUBMISSION OF SPECIFIC QUESTION TO JURY.
   A request for the submission of a specific question of fact, after moving for a nonsuit, constitutes a waiver of a right to submit other questions.

Appeal from city court of New York, general term.

Action by Marie Perrin against the Prudential Insurance Company of America to recover on an insurance policy. From a judgment of the general term of the city court (61 N. Y. S. 249), affirming a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Wm. O. Campbell, for appellant.

Nathan, Leventritt & Perham, for respondent.

O'GORMAN, J. This is an action to recover on a life insurance policy, and the defendant challenges on this appeal the propriety of the direction of a verdict for the plaintiff. In his application the assured gave as his occupation "storekeeper, dry goods." Upon the trial the accuracy of this answer was not disputed, but it appeared from the proof offered by the defendant that at the time of the issuance of the policy, as well before as after, the assured was also employed from time to time as a bevel smoother of plate glass. At the close of the entire case the defendant moved for a dismissal, and, on the denial of this motion, asked to go to the jury solely upon the question as to whether the answer in the application as to the assured's occupation was true. The trial justice committed no error in denying this request as made, and directing a verdict for the plaintiff. Dilleber v. Insurance Co., 69 N. Y. 262. The answer as to occupation was manifestly true. The assured did not say he had but one occupation. The only criticism that can be passed upon the answer is that it was not complete, but, as was held in the case cited, where there is a partial answer the warranty cannot be extended beyond the answer given. A breach of warranty must be

based upon the affirmation of something not true. Fraud, however, may be predicated upon the suppression of truth, and,. if requested, it is to be presumed the court would have submitted to the jury the inquiry as to whether the omission on the part of the assured to refer to his occupation as a glass worker was the result of a fraudulent design to deceive the defendant. No such request was made, and when the defendant, after moving for a nonsuit, requested the submission of a specific question of fact to the jury, there was an implied waiver of his right to go to the jury on any other question of fact. Bank v. Dana, 79 N. Y. 108.

The judgment should therefore be affirmed, with costs. All concur.

