## Triple Link Mut. Ind. Association v. Amelia Froebe.

1. LIFE INSURANCE—*Limitations as to Death by Suicide.*—When a life insurance company fixes a period in its policy within which, if the insured commits suicide the policy shall be avoided, death of the insured by suicide after the expiration of such period does not constitute a defense to an action on the policy.

2. SAME—*Partial Answers to Questions in the Application.*—Where a question in an application for life insurance is partially answered the warranty of the application can not be extended beyond the answer given.

3. SAME—*Answers in an Application May be Waived.*—Where a question in an application for life insurance is not fully answered, but the company issues its policy upon such application, it will be held to have waived any further answer to the question.

4. FRAUD—*May be Predicated upon a Suppression of the Truth—Warranty.*—Fraud may be predicated upon the suppression of the truth

but a breach of a warranty must be based upon the affirmation of something not true.

5. PLEADING—*Pleas of Fraud in the Application for Life Insurance.* —A special plea to a declaration on a policy of life insurance alleging fraud on the part of the insured in answer to questions regarding other insurance in his application, which contains no averment that such insurance was in force at the time of the death of the insured or that the insurer was in fact injured by such answers, is bad on demurrer.

6. SUICIDE—*Implies Sanity.*—Suicide implies sanity. A person can not commit suicide while insane. An insane person can not commit murder.

**Assumpsit,** on a policy of life insurance. Appeal from the Circuit Court of Cook County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed July 17, 1900. Rehearing denied July 31, 1900.

LOUIS KISTLER, attorney for appellant.

Where the application for insurance on a person's life is expressly declared to be a part of the policy, and the statements therein are warranted to be true, such statements will be deemed material whether they are so or not, and if shown to be false, there can be no recovery on the policy, however innocently made, and notwithstanding their falsity may have no agency in causing the loss or producing the death of the insured. Mutual Aid Association v. Hall, 118 Ill. 169; Continental Life Ins. Co. v. Rogers, 119 Ill. 474; Connecticut Mut. Life v. Young, 77 Ill. App. 440; Am. & Eng. Ency. of Law, Vol. 13, 663 (1st Ed.); Am. & Eng. Ency. of Law, Vol. 11, 302 (1st Ed.); Mut. Ben. Life v. Robertson, 59 Ill. 123; Teutonia Life Ins. Co. v. Beck, 74 Ill. 165; Thomas v. Fame Ins. Co., 108 Ill. 91; A. O. U. W. v. Cressey, 47 Ill. App. 616; Bloomington Mut. Ben. v. Cummings, 53 Ill. App. 530; Mut. Life Ins. Co. v. Ziegler, 69 Ill. App. 447.

Answers must be substantially true in fact, even if question and answer constitute a representation and not a warranty. Cobb v. Covenant Mut. Ben. Ass'n, 153 Mass. 176 (20 N. E. Rep. 230); Ins. Co. v. McTague, 49 N. J. 591 (9 Atl. Rep. 768); Bacon on Ben. Societies, Sec. 230a; Mut. Aid Ass'n v. Hall, 118 Ill. 173; Grange Mill Co. v. Western Ass'n Co., 118 Ill. 402.

CARLTON S. WINSLOW and SPENCER WARD, attorneys for appellee.

If the insured held policies or certificates of membership in other associations as alleged in appellant's first and second pleas, his answer to interrogatory thirteen in the application to appellant constituted neither a breach of warranty, fraud, circumvention or fraudulent misrepresentation. Phoenix Mutual Life Ins. Co. v. Raddin, 120 U. S. 183; Commercial Mutual Accident Co. v. Bates, 74 Ill. App. 335, 176 Ill. 194; Dilleber v. Home Life Ins. Co., 69 N. Y. 256; Fitch v. Am. Pop. Life Ins. Co., 59 N. Y. 557–573; Liberty Hall v. Ins. Co., 7 Gray, 261; Gage v. Lewis, 68 Ill. 604; Mowry v. Home Life Ins. Co., 9 R. I. 346; Swick v. Home Ins. Co., 2 Dillon, 160.

Suicide is no defense to a suit on a life insurance policy where same is payable to a beneficiary, except when provided against by the terms of the policy. Supreme Lodge K. of P. v. Kutscher, 72 Ill. App. 462; Supreme Lodge K. of P. v. Trebbe, 74 Ill. App. 545; Seiler v. Economic Life Ass'n, 8 Am. & Eng. Corp. Cases, 661; Bacon's Benefit Societies and Insurance, Sec. 337; Morris v. Life Ins. Co., 183 Pa. 563.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

The appellant is a mutual benefit association, organized under the statutes of this State. This suit was brought by appellee to recover as beneficiary named in a certificate of membership issued by appellant to her husband, Albert O. Froebe, dated October 16, 1897. The declaration contains one special count setting forth said certificate *in haec verba* and the common counts. To that declaration appellant filed a plea of the general issue and three special pleas. The first and second special pleas aver fraud on the part of the husband of appellee in procuring said certificate. The third special plea avers that the husband of appellee committed suicide and that he procured such certificate intending so to do and to thus defraud appellant.

To each of said special pleas a demurrer was interposed by appellee and sustained by the trial court. Appellant elected to abide by its pleas and the court heard testimony offered by appellee and entered judgment in her favor. Appellant offered no testimony, but brought the case to this court by appeal.

No point or objection is made or stated in the original brief and argument for appellant, as to said third special plea (being the plea relating to suicide) and it might therefore be considered by the court that all objection to the order of the trial court sustaining the demurrer to said third special plea was waived by appellant.

But in the argument of appellee and the reply brief of appellant, the question is considered to some extent. In the certificate of membership, upon which the right of appellee to recover in this case is predicated, there is no reference to suicide. In the application for such membership the deceased speaks as follows, viz.:

" I further agree that if I commit suicide within ninety days from this date, or ninety days after being reinstated at any time hereafter, that this policy or certificate issued on my life, and all payment, shall become forfeited to the corporation as null and void."

Said application is dated October 14, 1897, and the date at which the deceased committed suicide, as it is alleged in said third special plea, is June 17, 1898, more than eight months after said certificate was issued by appellant. It must be assumed from the language of said application that the question of suicide was considered by the parties and that the time was fixed at ninety days within which said certificate should become null and void if the member should commit suicide.

It is contended by counsel for appellee that said plea nowhere states that the deceased was sane at the time he committed the act of self-destruction, and that therefore the plea is defective. That contention can not be sustained. Suicide implies sanity. A person can not commit suicide while insane. An insane person can not commit murder.

We understand it to be the more recent custom or prac-

tice of life insurance companies to fix a period, by their policies, within which, if the assured commits suicide, the policy shall be thereby avoided, and that suicide committed after the expiration of such period shall not constitute a defense to a claim upon such policy. That must have been the intention of the appellant in naming the period of ninety days in said application. There is no other reason apparent for thus fixing a suicide period or limit. Fixing one definite period excludes all other periods. The demur- rer to the third special plea was properly sustained by the trial court.

It appears from the bill of exceptions that the court below heard the testimony and rendered a finding without the intervention of a jury and against the objection of appellant, who duly excepted, and that the certificate of membership sued on was not offered in evidence. The only assignment of error which it can be contended might refer to such hearing or want of necessary evidence is the fourth, which is, " The court erred in rendering judgment in favor of the plaintiff and against the defendant."

No objection is made in the brief or argument for appel- lant in this court, neither is it in any manner urged to this court that the trial court erred in hearing the case without the intervention of a jury, or that the testimony was insuf- ficient to support the judgment. All objections to such alleged errors are therefore considered as waived.

The only question remaining to be considered is, did the trial court err in sustaining the demurrer to said first and sec- ond special pleas. As stated by counsel for appellant, " this case rests " upon question 13 and the answer thereto in the application of said Albert O. Froebe. Said question and the answer thereto, as the same are set out in the first spe- cial plea, and the averment there in regard to the same, are as follows, viz:

" In answer to the question marked 13, and made a part of this application—' Are you now or have you ever been insured in this or any other company ? Give name of com- pany and amount,' applicant answered as follows: ' A. O. U. W. (meaning Ancient Order of United Workmen),

for the sum of $2,000; Royal League, for the sum of $4,000. I intend to drop them.' As a matter of fact the said Albert O. Froebe held then and there, life insurance in the National Union for the sum of $4,000; Iron Hall of Baltimore city for the sum of $500, and Mutual Pension Life Association of Philadelphia, for the sum of $1,000. * * * Which said facts and amounts the said Albert O. Froebe concealed, suppressed and withheld from this defendant. * * * And the defendant avers that the said answer of the said Albert O. Froebe to the said question was untrue, and at the time said answer was given, the said Albert O. Froebe knew it to be untrue, false and deceitful, at said time, to wit, when said answers were made."

There is no averment in said pleas that any of the insurance as to which it is charged that said answer was false, was in force at the time of the death of said Albert O. Froebe, or that he carried the same after the certificate sued on in this case was issued by appellant. The plea also avers that the deceased agreed in his application "that he would drop all insurance on his life he then had and was carrying, in case the said The Triple Link Mutual Indemnity Association would execute the said writing for the benefit of the said Amelia Froebe.

There is no averment in said plea that deceased did not drop all insurance upon his life except that of appellant, just as said plea avers that he agreed to do. There is no averment that appellant was in fact injured by any false statement in said application.

It is urged by counsel for appellant that the answers by defendant to the questions in said application are warranties and not merely representations, and that if untrue " there can be no recovery on the policy " under consideration. Suppose for a moment that such is the law; can appellant be thus relieved from liability upon said policy? No charge is made that the answers of deceased are untrue except the answer to question 13. That question and the answer thereto in the application are as follows:

"13. Are you now, or have you ever been insured in this or any other company? Give name of company and amount. Answer, A. O. U. W., Royal League. Intend to drop them."

The first part of that question is not answered except by inference. The answer is not full and complete, but so far as it goes it is true. He was insured in the two companies named by him. The omission of the names of the three other companies mentioned in said special pleas does not make the answer technically untrue. It shows that there was a partial answer to the question, not that the answer so far as it goes is false. If a question is not fully answered there is no warranty that there is nothing to state as an answer. In case of a partial answer the warranty can not be extended beyond the answer as given.

" Fraud may be predicated upon the suppression of truth, but breach of warranty must be based upon the affirmation of something not true." Dilleber v. Home L. Ins. Co., 69 N. Y. 256, 262.

The answer to said question 13 being correct so far as it went, appellant, by issuing its policy, has waived further answer to that question and can not successfully defend on the ground that the assured did not fully answer. Joyce on Ins., Sec. 2075; Phoenix L. Ins. Co. v. Raddin, 120 U. S. 183, and cases cited on p. 190.

It does not appear that appellant has a good defense upon the merits, and there being no strict rule of law to prevent a recovery upon said policy under the facts appearing in this record, the judgment of the Circuit Court is affirmed.