(98 App. Div. 588)

### FINN v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, Third Department. November 16, 1904.)

1. LIFE INSURANCE—CONDITION OF INSURED'S HEALTH—STATEMENTS IN APPLICATION—DIRECTING VERDICT.

Insured stated in her application for life insurance that the condition of her health was good, that no physical or mental defect or infirmity existed, and that she never suffered from cancer. *Held*, that where the uncontradicted evidence in an action on the policy showed that insured died of cancer, and was in poor health when the application was made, the court erred in refusing to dismiss the complaint at the close of the evidence.

2. SAME—ADMISSIBILITY OF EVIDENCE—DECLARATIONS OF DECEASED.

In an action by an executor on a life insurance policy issued to decedent, evidence of declarations by decedent as to the condition of her health when the application for the insurance was made is admissible against the executor.

Appeal from Trial Term, Warren County.

Action by Daniel J. Finn, as executor of the estate of Achsah Pierce, deceased, against the Prudential Insurance Company of America. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Reversed.

Upon the 9th day of December, 1901, the defendant insured the life of one Achsah Pierce for the sum of $235, with a provision in the policy that if she died within the first year the liability should only be one-half of that amount. This plaintiff sues as her executor upon said policy. On the 7th day of December the said Achsah Pierce made an application to the defendant for the insurance, in which she warranted as true the answers to the questions asked in the application. In that application she stated that the present condition of her health was good, that she was never seriously sick, that no physical or mental defect or infirmity existed, and that she had never suffered from cancer. At the close of the evidence the defendant moved to dismiss the complaint upon the ground that it appeared from the

uncontradicted evidence that she was not in good health at the time of the application for the policy, and that at that time she was suffering from a cancer. This motion the court denied. The case was thereafter submitted to the jury, which returned a verdict for the plaintiff, upon which judgment was entered. From the judgment so entered, and the order denying a motion for a new trial, the defendant here appeals.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Ashley & Williams (Henry W. Williams, of counsel), for appellant. Walter A. Chambers, for respondent.

SMITH, J. The defendant's motion to dismiss plaintiff's complaint should have been granted. That Achsah Pierce was in poor health at the time she made her application is established by uncontradicted evidence. The presiding judge, in charging the jury, stated that it was conceded that she died of cancer, and submitted to the jury whether or not she was suffering from cancer at the time the application was made. The testimony of Julia Gurney and Victoria Scavenick shows conclusively that during October, November, and December, while they were working with the deceased, she was complaining of being unwell, and seeking lighter work because her health was not good, and told them that the doctor told her she was affected with cancer. The letter of the deceased written upon December 5th to her daughter, which appears in evidence, shows that she was far from being a well woman, and that she was not in good health, as represented by her in her application. In the letter she states:

"I am feeling quite well except the pills and they are oh oh but Dr. Hall says he will tell me Sunday all about me and I can keep on to work just the Same he Says of course I ought to rest for I am all run down and no blood but I am taking his medison so I shall be all better for just looking at him last knight I felt better and Miss H has got another woman to help me now so that is better."

This letter was written upon Thursday, in which the deceased says that the doctor tells her that he will tell her what is the matter of her upon Sunday. Meantime, upon Saturday, she makes this application for insurance.

At the end of December she stopped work, and in February took to her bed, from which she never arose until her death, on July 15, 1903. The doctors must have diagnosed her case as cancerous at least some time in December, 1901, as it was then that she told the witnesses that she had a cancer, as she had been told by the doctor. The uncontradicted evidence of one of the doctors upon the stand is that a cancer would have progressed for two or three months before it could be diagnosed as such by a physician. It seems clear, therefore, that on December 7th, when the application for this insurance was made, she was at that time in poor health, and suffering from cancer.

It is contended on behalf of the plaintiff that this proof cannot be made by the declarations of the deceased, and in support thereof the case of Dilleber v. Home Life Insurance Company, 69 N. Y. 256, 25 Am. Rep. 182, is cited. That case, however, was not the case of an action brought by the executor of the deceased insured. The rule that the declarations of a deceased are admissible as against her executor has

no exception in an action upon a policy of life insurance. Her letter, therefore, as well as her admissions to witnesses that she was troubled with cancer, is competent evidence to prove the facts. With this conclusion, it is unnecessary to discuss the other grounds claimed by defendant as grounds for a reversal of the judgment. Judgment and order reversed and new trial granted, with costs to appellant to abide the event. All concur.