DANIEL J. FINN, as Executor, etc., of ACHSAH PIERCE, Deceased, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

*Evidence — declarations of a decedent are competent against her executor in an action on a life insurance policy.*

In an action brought by an executor to recover upon a policy of insurance, issued upon the life of his testator, the oral and written declarations of the testator are admissible against the executor to prove the falsity of a warranty, contained in the application for the policy, to the effect that the testator was then in good health and was not suffering from cancer.

APPEAL by the defendant, the Prudential Insurance Company of America, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Warren on the 11th day of June, 1903, upon the verdict of a jury, and also from an order bearing date the 4th day of June, 1903, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

Upon the 9th day of December, 1901, the defendant insured the life of one Achsah Pierce for the sum of $235, with a provision in the policy that if she died within the first year the liability should only be one-half of that amount. This plaintiff sues as her executor upon said policy. On the seventh day of December the said Achsah Pierce made an application to the defendant for the insurance, in which she warranted as true the answers to the questions asked in the application. In that application she stated that the present condition of her health was good ; that she was never seriously sick ; that no physical or mental defect or infirmity existed, and that she had never suffered from cancer. At the close of the evidence the defendant moved to dismiss the complaint upon the ground that it appeared from the uncontradicted evidence that she was not in good health at the time of the application for the policy, and that at that time she was suffering from a cancer. This motion the court denied. The case was thereafter submitted to the jury which returned a verdict for the plaintiff, upon which judgment was entered. From the judgment so entered and the order denying a motion for a new trial the defendant here appeals.

*Henry W. Williams,* for the appellant.

*Walter A. Chambers,* for the respondent.

SMITH, J. :

The defendant's motion to dismiss plaintiff's complaint should have been granted. That Achsah Pierce was in poor health at the time she made her application is established by uncontradicted evidence. The presiding judge in charging the jury stated that it was conceded that she died of cancer, and submitted to the jury whether or not she was suffering from cancer at the time the application was made. The testimony of Julia Gurney and Victoria Scavenick shows conclusively that during October, November and December, 1901, while they were working with the deceased, she was complaining of being unwell and seeking lighter work because her health was not good, and told them that the doctor told her she was afflicted with cancer. The letter of the deceased written on December fifth to her daughter, which appears in evidence, shows that she was far from being a well woman, and that she was not in good health as represented by her in her application. In the letter she states : " I am feeling quite well except the pills and them are oh oh, but Dr. Hall says he will tell me Sunday all about me   *   *   *   and I can keep on to work just the same, he says of course I ought to rest for I am all run down and no blood but I am taking his medison so I shall be all better for just looking at him, last knight I felt better and Miss H has got another woman to help me now so that is better." This letter was written upon Thursday, in which the deceased says that the doctor tells her that he will tell her what is the matter with her upon Sunday. Meantime, upon Saturday, she makes this application for insurance.

At the end of December she stopped work, and in February took to her bed from which she never arose until her death on July 15, 1902. The doctors must have diagnosed her case as cancerous at least some time in December, 1901, as it was then that she told the witnesses that she had a cancer as she had been told by the doctor. The uncontradicted evidence of one of the doctors upon the stand is that a cancer would have progressed for two or three months before it could be diagnosed as such by a physician. It seems clear, therefore, that on December seventh, when this appli-

cation for this insurance was made, she was in poor health and suffering from cancer.

It is contended on behalf of the plaintiff that this proof cannot be made by the declarations of the deceased, and in support thereof the case of *Dilleber* v. *Home Life Ins. Co.* (69 N. Y. 256) is cited. That case, however, was not the case of an action brought by the executor of the deceased insured. The rule that the declarations of a deceased are admissible as against her executor has no exception in an action upon a policy of life insurance. Her letter, therefore, as well as her admissions to witnesses that she was troubled with cancer, are competent evidence to prove the facts. With this conclusion it is unnecessary to discuss the other grounds claimed by defendant as grounds for a reversal of the judgment.

All concurred.

Judgment and order reversed and a new trial granted, with costs to the appellant to abide the event.