LOCKPORT PLATE AND WINDOW GLASS CO., INC., Appellant, v. ABRAHAM M. ATLAS, Defendant, Impleaded with EMANUEL ATLAS and Others, Respondents.— Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event, on the ground that the testimony presented a fair question of fact which should be presented to the jury. All concur, except Sears, P. J., and Taylor, J., who dissent and vote for affirmance.

In the Matter of Proving the Last Will and Testament of ROWLAND HILL.— Decree affirmed, with costs. All concur.

FRANCES P. ANDERSON, Respondent, v. ÆTNA LIFE INSURANCE COMPANY, Appellant.— Judgment and order affirmed, with costs. Memorandum: The claim by the defendant, appellant, that the word " any," as used in the application for insurance, referred to all diseases, illnesses or injuries for which the assured had consulted a physician within a certain period, finds support in the record when we consider the purpose of the application and the language used in the context. We are constrained, however, to hold otherwise by reason of the ruling in *Dilleber* v. *Home Life Insurance Co.* (69 N. Y. 256). We regard the error assigned by appellant pertaining to the ultimate exclusion of Dr. Davidson's testimony — that the insured was ill at the time of certain treatments — to be immaterial to the particular issue in suit, viz., whether the answers by the assured in his application for insurance constituted a misrepresentation of any fact material to the risk. The remaining points urged by appellant do not warrant a reversal of the judgment. All concur, except Crosby, J., not voting.

G. H. POPPENBERG, INC., Appellant, v. JACK R. MARTIN, Respondent.— Order reversed, with ten dollars costs and disbursements, and motion to open default denied, with ten dollars costs, on the ground that the moving papers fail to show merits on the part of the defendant justifying the granting of the order. While it may be that subsequent to the entry of the judgment there was a settlement between the parties, such settlement, if made, would not entitle the defendant to be relieved from his previously occurring default. All concur.

BERTHA DIETRICK, as Executrix, etc., of PASCAL O. DIETRICK, Appellant, v. D. LEWIS CONSTRUCTION COMPANY, INC., Respondent, and WILLIAM LAUGHLIN, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs to abide the event, on the ground that there was laches in making the motion. All concur.

GENEVIEVE W. GREENE, Respondent, v. LOCKPORT EXCHANGE TRUST COMPANY and Others, Appellants.— Order modified and as modified affirmed, without costs on this appeal. All concur.

JOHN F. BRUNNER, Respondent, v. JOSEPH ACHESON, Appellant, and JOHN RACCUIA, Defendant.— Order affirmed, with ten dollars costs and disbursements. All concur.

ELIZABETH H. REESE, Appellant, v. HARRY M. REESE, Respondent.— Order affirmed, without costs upon this appeal. We deem the order to have been a proper exercise of the discretion of the court at Special Term. All concur.