FRANCES P. ANDERSON, Respondent, *v.* ÆTNA LIFE
INSURANCE COMPANY, Appellant.

(Argued October 25, 1934; decided November 20, 1934.)

*H. Douglass Van Duser* and *Charles S. Wilcox* for appellant.

*Percival D. Oviatt, Harold H. Barnsdale* and *Homer E. A. Dick* for respondent.

POUND, Ch. J. On November 29, 1929, defendant issued to Charles E. Anderson, the husband of the plaintiff, who was named therein as beneficiary, a life insurance policy in the amount of $10,000. On February 3, 1930, a second policy in the same amount was issued. These actions for the amounts of the policies were brought within the contestable period. The assured died April 27, 1931.

In obtaining the policies the assured signed an application which contained, among other things, the following questions and answers:

" 9. Have you consulted a physician, specialist, or other practitioner for or suffered from any ailment or disease of:
*　　　*　　　*　　　*　　　*　　　*　　　*

" c. Stomach, intestines, liver, kidneys or bladder?
*　　　*　　　*　　　*　　　*　　　*　　　*

" f. Any other disease or illness or any injury not mentioned above? "

To all of these questions the applicant answered " No," except to 9-f which he answered as follows: " Yes. Name of disease, pneumonia. Number of attacks, one. Began, February, 1929. Recovered, April, 1929. Results (if within five years name and address of every physician consulted), complete recovery. Dr. Hague, Rochester, N. Y."

In the application for the second policy of insurance signed February 3, 1930, the applicant reaffirmed the answers in his application of November, 1929. He further declared that at the time of making the applications he was in sound health, that the statements contained in his applications were true, and that he had withheld no material allegation concerning his health.

The proofs of death consisted of the claimant's statement signed by the plaintiff and the attending physician's statement. The cause of death is given as "stricture of oesophagus."

The Appellate Division expressed the opinion that the word "any" as used in the application for insurance referred to all diseases, illnesses or injuries for which the assured had consulted a physician within a certain period. It certainly referred to any serious physical ailment for which he was treated by a physician, if not to trifling ailments not affecting good health in general, such as colds or constipation (*Nowak* v. *Brotherhood of American Yeomen,* 249 N. Y. 78; S. C., 252 N. Y. 465), which might not be regarded as being in the same class with the enumerated diseases. The court concluded, however, that it was constrained to hold that under the ruling in *Dilleber* v. *Home Life Ins. Co.* (69 N. Y. 256) there was a question of fact to be submitted to the jury whether the answer of the assured as to the physicians employed or consulted was honestly and fairly made or whether a portion of the truth was fraudulently and intentionally suppressed or withheld. It affirmed the judgment below and allowed an appeal to this court.

It is undisputed that Dr. Sol C. Davidson treated insured in a professional capacity, making four visits from April 19 to April 21, 1927; that the insured was sent to him by Dr. Nathan Soble, insured's general physician, to make an X-ray examination and to take X-ray photographs. Dr. Davidson was not allowed to state what, if any, disease, illness or ailment he found the insured suffering from but it did at least appear that he had been consulted by insured for medical advice. Cases calling for an X-ray examination can scarcely be presumed to be mere temporary disorders, having no bearing upon general health. The inquiry was not to be passed over as trivial. It was made material to the risk. (*Jenkins* v. *John Hancock Mutual Life Ins. Co.,* 257 N. Y. 289.)

In *Dilleber* v. *Home Life Ins. Co.* (*supra*) the court said that fraud may be predicated upon the suppression of truth, but breach of warranty must be based upon the affirmation of something not true.

Prior to 1906 (when section 58 of the Insurance Law [Cons. Laws, ch. 28] was enacted) " a breach of warranty contained in an application for insurance constituted a defense to a claim upon the policy, although the warranty related to an immaterial matter. A misrepresentation contained in the application on the other hand only became a defense if it related to a material matter. * * * A misstatement, even though stated in the form of a warranty, if made in good faith and without this element of fraud passed into the same class as an ordinary representation and became a defense to the policy only if it was material. On the other hand, the effect of a misrepresentation was left unchanged by the statute. If material it constituted a defense although made innocently and without any feature of fraud; it was sufficient that it was material as an inducement for the issue of the policy, and was untrue." (HISCOCK, Ch. J., in *E. D. P. Dye Works* v. *Travelers Ins. Co.*, 234 N. Y. 441, 449.)

The statutory rule has superseded the court made rule. False representations will vitiate the policy if material to the risk. (*Minsker* v. *John Hancock Mut. Life Ins. Co.*, 254 N. Y. 333.) A representation as to one's health and as to physicians employed ordinarily is material. " A truthful answer might have been followed with a medical examination or further inquiry." (*Jenkins* v. *John Hancock Mut. Life Ins. Co.*, *supra*, 293.)

The answer to 9-f of the application mentioning pneumonia only as a disease for which insured had been treated, although apparently complete, is in fact evasive. Pneumonia was not the only case for which medical advice had been sought. The holding of the *Dilleber* case that there was no breach of warranty because the answer was true as far as it went no longer carries any legal consequences.

Such omissions have generally been held to amount to a false answer. (*Penn Mut. Life Ins. Co.* v. *Mechanics' Sav. Bank & Trust Co.*, 72 Fed. Rep. 413, 421.)

Even in the *Dilleber* case it was held that the policy was void unless the answer was honestly and fairly made and no " portion of the truth was fraudulently and intentionally suppressed or withheld " (p. 264). In that case this court found that under the evidence there was a question of fact whether the answer constituted a false representation. Here there is no such question.

As a representation it was material to the risk, even though it was made in good faith. The false representations were made a part of the policy. Good faith requires fair dealing from both parties. In *Stanulevich* v. *St. Lawrence Life Assn.* (228 N. Y. 586) we held that the application being a part of the policy the insurer and assured are bound by its terms as a part of the contract of insurance.

In *Keck* v. *Metropolitan Life Ins. Co.* (238 App. Div. 538; affd., 264 N. Y. 422) the insured in his application for a policy made a statement that he had not been attended by a physician during the past five years. He had been attended by a physician on three occasions in that period. It was held that the misrepresentation was material to the risk as matter of law and that the policy was void.

Here the learned trial justice left it to the jury to say whether or not deceased consulted the doctors for some illness. In view of the undisputed evidence it seems fanciful to urge that he may have consulted physicians without being ill or without being treated. Under the circumstances, it was for the defendant to know and judge what the consultation was about and to determine whether it was in reference to a material matter. (*Saad* v. *New York Life Ins. Co.*, 201 App. Div. 544, 546; affd., 235 N. Y. 550.)

Reliance is placed by the plaintiff on the case of *Murphy* v. *Union Central Life Ins. Co.* (decided without opinion

in 255 N. Y. 617). That case has but a superficial resemblance to this case. There was on the evidence a question of fact as to whether the visits to a physician were professional or social. The *Dilleber Case (supra)* was not considered by the court as material to the decision.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

CRANE, LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgments reversed, etc.