**GINSBURG v. PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA.**

**No. 258.**

Circuit Court of Appeals, Second Circuit.

April 5, 1937.

See, also (C.C.A.) 69 F.(2d) 97.

Katz & Sommerich, of New York City (Maxwell C. Katz, Raymond T. Heilpern, and Irving S. Freedman, all of New York City, of counsel), for appellant.

Conboy, Hewitt, O'Brien & Boardman, of New York City (Bernard Sobol, of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

October 21, 1931, appellee applied to the appellant for a noncancellable income policy of insurance providing indemnity for loss of time due to sickness or accident. The application was filled out on that day and a medical examination was had October 22, 1931. A supplementary application, required of the appellee because he was a physician using radium or X-ray apparatus, was submitted October 27, 1931. November 2, 1931, appellant's agent, Whitelaw, accepted a check made to his order covering the first annual premium on the policy, the home office approved the risk November 9, 1931, and the policy was delivered November 13, 1931. Appellee became ill November 8, 1931, and went to the hospital the next day where his disease was diagnosed as infectious radiculitis, a curable disease affecting the brain, spinal cords, and roots. He left the hospital December 15, 1931; on June 4, 1932, he became ill again, this time with an incurable disease known as multiple sclerosis.

On June 13, 1932, a claim for indemnity was submitted to and rejected by the appellant. This action followed to recover on the policy and appellant in a counterclaim asked for rescission. At the trial, both parties moved for a directed verdict; also there were motions for

judgment on the counterclaim and for a dismissal thereof. Later a motion was made to set aside the verdict in appellee's favor and for a new trial. The court, reserving decision on these motions, directed a verdict for the appellee.

This suit may be disposed of by a consideration of the motions respecting the counterclaim. Assuming that the policy became effective at the date of payment November 2, 1931, we are satisfied that the appellee made material misrepresentations in his application for insurance which warrant 'the rescission of the policy.

There were admitted misrepresentations which were deemed below to be trivial. The application specifically asked whether the insured had suffered from bronchitis and the appellee did not disclose that in 1929 and 1931 he had acute tracheo-bronchitis; though there were questions relating to skin diseases and influenza, the insured said nothing' about a rash called toxic erythema in 1925 or an attack of influenza in 1918. The application inquired about operations and the appellee failed to make note of a nasal operation in 1923. In 1926 the appellee suffered two attacks of acute pharyngitis accompanied once by diarrhea but made no mention of this. The only disclosure of information consisted in the following question and answer:

"What injuries or illnesses or treatments by or consultation with physicians or practitioners, have you had during the last seven years? Give particulars of each Illness, Injury, Consultation or Treatment. A. Tonsilitis (r. b. c. in urine), tonsillectomy after recovery. Date 1926. Duration: 2 wks., Results: Good. Physician's name and address: Dr. Celler,—deceased."

Various tests of the materiality of misrepresentations have been suggested. A misrepresentation is said to be material if it substantially increases the chances of the loss insured against [Penn Mutual Life Ins. Co. v. Mechanics' Savings Bank & Trust Co. (C.C.A.) 72 F. 413, 428, 38 L.R.A. 33], or if by full disclosure a careful insurer would have made further study regarding the acceptance of the risk [Jefferson Standard Life Ins. Co. v. Clemmer (C.C.A.) 79 F.(2d) 724, 733, 103 A. L.R. 171], or if an underwriter with full information might have refused the risk or made a demand for a higher premium or offered a less favorable form of policy. Solez v. Zurich Gen. Accident & Liability Ins. Co., 54 F.(2d) 523 (C.C.A. 2), appeal dismissed 296 U.S. 668, 57 S.Ct. 756; Travelers' Ins. Co. v. Pomerantz, 246 N.Y. 63, 158 N.E. 21.

Within reasonable and fair limits, an underwriter is entitled to a disclosure of information upon which to dictate the terms of the risk, and a misrepresentation should be deemed material where it is reasonably calculated to affect the action and conduct of the insurer. When so considered, it can be said here that the suppression of a series of facts, as to conditions of health and recurrent illnesses, was material though some of those facts singly may appear relatively unimportant. The general question and answer propounded above gave notice to the appellee that the insurer deemed it material to learn of his illnesses during the past seven years and the specific question addressed to him should have been truthfully answered. The problem of materiality became simplified by the various specific questions addressed to the subjects which were misrepresented. Dudgeon v. Mutual Benefit Health & Accident Co., 70 F.(2d) 49 (C.C.A.4). In this manner the insurer indicated the importance which it attached to the information sought to be obtained and the insured was relieved of misgivings in the matter. The various illnesses enumerated were not disclosed; mere innocence of motive, if it existed, did not detract from the misrepresentations made.

He had had two attacks of bronchitis, one in 1929 and another in 1931, just prior to his application for insurance; yet he answered that he had never had bronchitis. It makes no difference that it was an illness unrelated to the disease upon which the present claim for indemnity is based. Jefferson Standard Life Ins. Co. v. Clemmer, supra. That such a causal connection is not necessary seems also to be the law of New York. Jenkins v. John Hancock Mutual Life Ins. Co., 257 N.Y. 289, 178 N.E. 9. If the rule were otherwise, the insured could freely misrepresent information specifically requested and still recover on the policy if the causal connection could not be traced. Such unfairness to the underwriter is obvious, particularly so in the case of health risks.

160

Moreover, the appellee was asked whether he had ever been attended by a physician and in his answer he neglected to state the record of the attack of bronchitis in 1931 when he was so attended. Statements regarding consultations with physicians are ordinarily deemed material as a matter of law [Dudgeon v. Mutual Benefit Health & Accident Co., supra; Raives v. Raives, 54 F.(2d) 267 (C.C.A. 2); Anderson v. Aetna Life Ins. Co., 265 N.Y. 376, 193 N.E. 181] though no doubt an exception is to be made for consultations so trivial that anyone would forget or disregard them.

Likewise, the appellee did not disclose that at the time of the attack of bronchitis he had made a claim against another insurer and had received a disability payment. Yet there was a specific question addressed to this matter.

In its notice of rescission the appellant made a tender of all premiums paid with a statement of various grounds for rescission. But since it was not then informed of all the facts, it was entitled to prove fully the misrepresentations above mentioned and to rely upon them for a rescission of the policy.

The complaint should have been dismissed and a judgment of rescission granted on the counterclaim.

Judgment reversed.