JOHN and ANNA PRUSAK, Respondents, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.

Second Department, February 3, 1941.

*Herbert F. Garrick,* for the appellant.

*Myron J. Shon,* for the respondents.

PER CURIAM. Action upon a policy of life insurance issued by the defendant.

Misrepresentations which defendant invoked as making the policy void were material as a matter of law. In *Jenkins* v. *John Hancock Mut. Life Ins. Co.* (257 N. Y. 289, 293) the question was left open as to whether misrepresentation in respect of grippe or influenza, standing alone, was material as a matter of law. In that case, however, such a misrepresentation, in connection with a misrepresentation as to a discharge from the ear, which was on the list of enumerated disorders, was held to be material.

In *Anderson* v. *Ætna Life Ins. Co.* (265 N. Y. 376) a failure to disclose that an applicant had been X-rayed within the prescribed period for the purpose of determining his condition was held to be material as a matter of law, because a condition calling for such an examination could not be presumed to be merely temporary or without bearing on general health, and consultations of this character were such that the insurance company was entitled to be informed.

In this case a false answer with respect to grippe and bronchitis is conjoined with a false answer with respect to there having been X-ray examinations of the chest of the decedent. Under the two cases cited, therefore, the misrepresentations and suppression of information were material as a matter of law.

The judgment should be reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs.

LAZANSKY, P. J., CARSWELL, JOHNSTON, ADEL and CLOSE, JJ., concur.

Judgment of the City Court of Yonkers reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs.