PRUDENTIAL INSURANCE COMPANY
OF AMERICA

v.

Kenneth C. McIVER.

No. 1337.

United States District Court
D. Maine, N. D.

Nov. 14, 1961.

John W. Ballou, Bangor, Me., for plaintiff.

Oscar Walker, Bangor, Me., for defendant.

GIGNOUX, District Judge.

This action was brought to rescind two policies of health and accident insurance, one a hospital expense policy and the other an income protection policy, issued by the plaintiff to the defendant on June 6, 1959. Rescission is sought on the ground that the insured knowingly misrepresent-

ed material facts in his applications for the policies. The plaintiff also seeks an injunction restraining the defendant from bringing any action at law on the policies, and judgment against the defendant for $599.70, representing the net amount of disability payments paid to the defendant under the income protection policy, less the amount of the premiums paid by the defendant on both policies, plus interest. The defendant counterclaims for disability benefits in the amount of $1,800 claimed to be due under the terms of the income protection policy because of an injury, diagnosed as left sciatic neuritis, sustained by the defendant on August 21, 1959 when he twisted his leg while working around his home in Prospect, Maine. The parties have stipulated all material facts.

The written applications for the two insurance policies involved in this action contained certain questions concerning the applicant's previous medical history. In answer to these, the defendant stated that his only previous hospitalization had been for an appendectomy in the Brunswick, Maine, Hospital in 1939; that he had never been advised to enter a hospital or sanatorium; that he had no known indication of any bodily or mental disease or disorder not otherwise recorded in the applications; and that he had never been treated for nor had any known indication of nervous or mental disorder, or of any disease or disorder of the brain or nervous system. Each application also included a declaration by the defendant that all the statements and answers to the questions contained therein were complete and true, and an agreement by the defendant that they should form a part of the application for insurance.

The true facts with respect to the defendant's prior medical history are as follows: first, the defendant was a patient at the Waldo County General Hospital from approximately October 31, 1952 through November 7, 1952, with a diagnosis of acute gastroenteritis and questionable manic depressive psychosis, having been then under the care of Dr. John A. Caswell of Belfast, Maine; second, the defendant was committed to the Bangor State Hospital, a hospital for the mentally ill, on or about January 10, 1953, and was discharged therefrom on April 25, 1953, with a diagnosis of a personality pattern disturbance.

The parties have stipulated that at the time the defendant signed the applications, he knew of these two periods of hospitalization; that his answers with respect to his prior medical history were false; and that he knew them to be so. It is further stipulated that the plaintiff issued the policies in question in reliance upon these false statements, which the plaintiff believed to be full, complete and true.

 Since the policies in question were negotiated and delivered in the State of Maine, the law of that state must determine the respective rights of the parties to the controversy here involved. Rosenthal v. New York Life Ins. Co., 304 U.S. 263, 264, 58 S.Ct. 874, 82 L.Ed. 1330 (1938); Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Malloy v. New York Life Ins. Co., 103 F.2d 439 (1st Cir. 1939), cert. denied, 308 U.S. 572, 60 S.Ct. 86, 84 L.Ed. 480 (1939). It is established law in Maine, as elsewhere, that false statements in an application for life or health insurance as to the applicant's prior medical history are material to the risk, and, at least when knowingly made, defeat recovery upon the policy by the insured and render the policy voidable at the option of the insurer. Sakallaris v. New York Life Ins. Co., 134 Me. 91, 181 A. 669 (1935) (life insurance policy); Hughes, Adm'rx v. Metropolitan Life Ins. Co., 117 Me. 244, 103 A. 465 (1918) (life insurance policy); Berman v. The Fraternities Health & Acc. Ass'n, 107 Me. 368, 78 A. 462 (1910) (health insurance policy); Jeffrey, Ex'r v. United Order of the Golden Cross, 97 Me. 176, 53 A. 1102 (1902) (life insurance policy); Maine Benefit Ass'n v. Parks, 81 Me. 79, 16 A. 339 (1888) (life insurance policy); Malloy v. New York Life Ins. Co., supra

(double indemnity and disability benefits in life insurance policy). See Strickland v. Peerless Cas. Co., 112 Me. 100, 101, 90 A. 974 (1914) (health insurance policy). Cf. Johnson v. Maine and New Brunswick Ins. Co., 83 Me. 182, 22 A. 107 (1891) (life insurance policy). The fact that the statements in question were representations and not warranties is immaterial. Sakallaris v. New York Life Ins. Co., supra, 134 Me. at 94, 181 A. 669; Jeffrey, Ex'r v. United Order of the Golden Cross, supra, 97 Me. at 179, 53 A. 1102. Similarly, the fact, which is conceded by the plaintiff, that there is no causal connection between the facts knowingly misrepresented and the defendant's present disability (left sciatic neuritis), upon which his claim for disability benefits is based, is of no consequence. Malloy v. New York Life Ins. Co., supra, 103 F.2d at 445; Ginsburg v. Pacific Mut. Life Ins. Co., 89 F.2d 158 (2d Cir. 1937); Jefferson Standard Life Ins. Co. v. Clemmer, 79 F.2d 724 (4th Cir. 1935); Penn Mut. Life Ins. Co. v. Mechanics' Savings Bank & Trust Co., 72 F. 413, 428–429 (6th Cir. 1896).

It follows from the foregoing that the plaintiff is entitled to the relief sought in the complaint and that the defendant cannot prevail upon his counterclaim. An appropriate form of judgment will be prepared and entered.

### Judgment

Pursuant to Opinion of the Court filed in the above-entitled matter on November 14, 1961, and for the reasons as stated therein, it is

Ordered, adjudged and decreed, as follows:

1. That the two insurance policies in issue be and they hereby are rescinded, set aside, and declared to be void.

2. That the defendant, his heirs, executors, administrators and assigns be and they hereby are restrained from bringing any action at law on said policies.

3. That the plaintiff have and recover from the defendant the sum of $599.70, with interest thereon, plus costs to be taxed, and that plaintiff have execution therefor.

4. That judgment be and it hereby is entered for the plaintiff on defendant's counterclaim.

5. That this Judgment be entered forthwith by the Clerk, and copies thereof be mailed to counsel for the respective parties.